The State of Maryland *vs.* John M. Carleton, Samuel M. Semmes and John P. Carleton.—*December* 1843.

Where the condition of a collector's bond was that he "shall well and truly account for and pay over to the treasurer of the State, the several sums of money which he shall receive or be answerable for by law, *at such time as the law shall direct*," it is no change or alteration of the terms of the contract, that the legislature appointed a more distant day, than the one fixed when the bond was executed, for the payment of the money collected into the treasury.

The granting of indulgence by law to a principal collector of the State does not discharge his sureties, though without their consent.

The legislature, at their pleasure, and whenever the interest or convenience of the State requires it, may alter the time at which the collectors of taxes are required to pay the public dues into the treasury.

Where, on a collector's bond, the breach assigned by the State was the non-payment into the Treasury of the taxes received, and the defendants pleaded general performance by the collector, and no assessment imposed by the commissioners of the county, on which pleas issues were joined, and the jury found that the defendants did not owe the State any sum, as the State hath within by its pleadings alleged. Held : that the verdict was defective in not finding the matters put in issue by the pleadings, and no judgment could be entered upon it.

Appeal from *Allegany* County Court.

This was an action of *Debt*, commenced by the State on the 26th September 1843.

The State of *Maryland,* at the time of prosecuting its writ of *capias ad respondendum,* filed in court the following account, notices and collector's bond, to wit:

Dr. *John M. Carleton, collector of Allegany county, in account with the State of Maryland.*

For the Direct Tax for 1841,     $8,017 12

Cr. By cash, &c., as of 1st

    Sept. 1843,     $6,150 00

    By his allowance for

    insolvencies     431 81

    ————— 6,581 81

    ————— $1,435 31

Interest on 1,435.31, from 1st Sept. 1843.

    J. S. Owens, *Treas. W. S. Md.*

  22nd September 1843.

*To John M. Carleton, Esq., Collector of the State Tax:*

SIR,—Above you are furnished with a claim of the *State of Maryland* against you, which you have withheld more than three months after the same is due. You are hereby notified that the account of the said *State* against you, of which the above is a true copy, stated and signed by the treasurer of the *Western Shore of Maryland,* has been filed in the office of the clerk of *Allegany* county court, and that I shall make a motion for judgment against you on the said claim at the next term of said county court, to be begun and held at *Cumberland,* on the second Monday of October, next after the date of this notice.                          HANSON B. PIGMAN,

*Deputy Attorney General, in and for Allegany county, Md.*
*Cumberland,* September 26th, 1842.

DR.   *John M. Carleton, collector of Allegany county, in account with the State of Maryland.*

For the Direct Tax for 1841,          $8,017 12

CR.  By cash, &c., as of 1st
  Sept. 1843,          $6,150 00
 By his allowance for
  insolvencies,          431 81
      ————— 6,581 81
        ————— $1,435 31

For interest on $1,435.31, from 1st Sept. 1843.

     J. S. OWENS, *Treas. W. S. Md.*

22nd September 1843.

*To Samuel M. Semmes and James P. Carleton, Esq'rs:*

SIRS,—Above you are furnished with a claim of the *State of Maryland* against *John M. Carleton, esq.,* collector of the State tax, whose sureties you are, which he has withheld more than three months after the same is due. You are hereby notified that the account of the said *State* against him, of which the above is a true copy, stated and signed by the treasurer of the *Western Shore of Maryland,* has been filed in the office of the clerk of *Allegany* county court, and that I shall move for a judgment against the said *John M. Carleton* and you his sureties, on the said claim at the next term of *Allegany* county

court, to be begun and held at *Cumberland*, on the second Monday of October, next after the date of this notice.

HANSON B. PIGMAN,

*Deputy Attorney General, in and for Allegany county, Md.* *Cumberland,* September 26th, 1843.

*Know all men by these presents*, That we, *John M. Carleton*, *James P. Carleton* and *Samuel M. Semmes*, are held and firmly bound unto the *State of Maryland* in the just and full sum of twenty thousand dollars, to be paid to the said *State of Maryland*, or its certain attorney, to the payment whereof well and truly to be made and done, we bind ourselves and each of us, our and each of our heirs, executors and administrators, jointly and severally, firmly by these presents, sealed with our seals, and dated this 20th day of December, in the year eighteen hundred and forty-one. Whereas, the above bound *John M. Carleton* has been appointed by "the commissioners of *Allegany* county," collector of the tax under the act of the *General Assembly of Maryland*, passed at an extra session begun and held at *Annapolis* on Wednesday the 24th day of March 1841, and ended on Wednesday the 7th day of April 1841, chapter twenty-three.

Now the condition of the above obligation is such, that if the above bounden *John M. Carleton*, appointed collector as aforesaid, shall well and faithfully execute his office as such collector, and the several duties required of him by law, and shall well and truly account for, and pay over to the Treasurer for the *Western Shore of the State of Maryland*, the several sums of money which he shall receive or be answerable for by law, at such time as the law shall direct, then the above obligation to be void, else to remain in full force and virtue.

JNO. M. CARLETON, (Seal.)

SAMUEL M. SEMMES, (Seal.)

JAMES P. CARLETON, (Seal.)

Signed, sealed and delivered in the presence of *Geo. W. Devecmon, Wm. Conrad.*

MARYLAND, Ss. Be it remembered, that on this 20th day of December 1841, personally appears *George W. Devecmon*

and *Willliam Conrad*, subscribing witnesses to the above bond, before me the subscriber one of the justices of the peace in and for *Allegany* county and State aforesaid, and severally made oath on the Holy Evangely of Almighty God, that they did see *John M. Carleton, James P. Carleton* and *Samuel·M. Semmes*, obligors in the above bond, sign, seal and acknowledge the same as their act and deed, and the said *George W. Devecmon* and *William Conrad* did subscribe their names as witnesses thereto.     Sworn before

JACOB FECHTY, (Seal.)

On the back of the aforegoing bond it is thus endorsed, to wit, "Dec. 22nd, 1841,—Bond approved by commissioners.
     Test,          GEO. W. DEVECMON, Clerk."

True copy, Test: *Jno. M. Carleton*, Clerk to the commissioners of *Allegany* county.  *September 26th,* 1843.

The declaration, after setting forth the bond and its condition, assigned for breach thereof, that the said *John M. Carleton*, in the said writing obligatory mentioned, did not, from the making of the same, well and faithfully execute the said office of collector of the tax, and did not well and truly pay all sums of money received by him, and did not in respect thereto well and truly execute and perform the several duties required of him by the laws of this State.   By means of which said several premises the said *State* hath sustained damage to a large amount, to wit, the sum of two thousand dollars, current money, and thereby an action hath accrued to it to demand and have of and from the said defendants the sum of twenty thousand dollars, current money, to wit, at the county aforesaid, above demanded; yet the said defendants although often requested, have not paid the said sum of, &c.

A copy of the account and notices were made and sent with the said writ to the sheriff of the county aforesaid, thereon endorsed, to be served on the defendants with the writ, for plea or judgment the first term.   Which were duly returned served.

*John M. Carleton*, the collector, after oyer, pleaded:

1st. General performance.

2nd. That the commissioners of *Allegany* county did not immediately, or at any other time before or after the correction, adjustment and confirmation of the valuations directed to be returned to them under the act of the General Assembly of this State, entitled "an act for the general valuation and assessment of property in this State, and to provide a tax to pay the debts of the State," passed at the March session, 1841, chapter 23, impose an assessment or tax of twenty cents or one-fifth of one per cent. in every hundred dollars worth of assessable property within their jurisdiction, (and that they did not impose any assessment or tax whatsoever on the assessable property within their jurisdiction, under and by virtue of the said last mentioned act of Assembly as they were required to do, and which should have been done before the said *John M. Carleton* was by law authorised to collect any such assessment or tax, to wit, on the 1st April 1843,) to wit, at the county aforesaid, and this he is ready to verify; wherefore, &c.

*Samuel M. Semmes* and *James P. Carleton* after oyer, pleaded:

1st. General performance by *John M. Carleton.*

2nd. That they entered into and became parties to the said writing obligatory, as sureties for the said *John M. Carleton,* and that the said plaintiff, by an act of its General Assembly, passed December session 1841, ch. 116, entitled, a supplement to the act for the general valuation and assessment of property in this State, and to provide a tax to pay the debts of the State, passed at March session 1841, ch. 23; and also by a further act of the said General Assembly, passed December session 1842, ch. 269, entitled, an act further supplementary to an act, entitled, an act for the general valuation and assessment of property in this State, and to provide a tax to pay the debts of the State, passed March session 1841, ch. 23, extended the time for the payment into the treasury of said State, of the taxes collectable in *Allegany* county for the year 1841, under the act, entitled, an act for the general valuation and assessment of property in this State, and to provide a tax to pay the debts of the State, being the taxes within the purview of the said writing obligatory, and otherwise gave indulgence to the

said *John M. Carleton*, without the privity or consent of the said *Samuel M. Semmes* and *James P. Carleton*, to wit, at, &c., and this they are ready to verify; wherefore they pray, &c.

3rd. That the said plaintiff ought not to have and maintain its action aforesaid against them, because they say, that the commissioners of *Allegany* county did not immediately, or at any other time before or after the correction, adjustment and confirmation of the valuations directed to be returned to them under the act of the General Assembly of this State, entitled, an act for the general valuation and assessment of property in this State, and to provide a tax to pay the debts of the State, passed at the March session 1841, ch. 23, impose an assessment or tax of twenty cents or one-fifth of one per cent. in every hundred dollars worth of assessable property within their jurisdiction, (and that they did not impose any assessment or tax whatsoever on the assessable property within their jurisdiction, under and by virtue of the said last mentioned Act of Assembly, as they were required to do, and which should have been done before the said *John M. Carleton* was by law authorised to collect any such assessment or tax, to wit, on the 1st day of April 1843,) to wit, at, &c., and this they are ready to verify; wherefore they pray, &c.

The State replied to the plea of the said *John M. Carleton, first,* (separately) above pleaded, that he the said *John M. Carleton* hath not, from the time of making the said writing obligatory aforesaid, hitherto well and faithfully observed, performed, fulfilled and kept, all and singular, the matters and things in the condition of the said writing obligatory mentioned and contained, which he, according to the condition thereof, ought to have observed, performed, fulfilled and kept, to wit, at the county aforesaid, and of this the said State puts herself upon the country, &c.

And as to the second plea of the said defendant *John M. Carleton,* by him *secondly* (separately) above pleaded, the said State says, that the said plaintiff, its aforesaid action against him the said defendant, *John M. Carleton,* to have and maintain ought, because the said State says, that the commissioners

of *Allegany* county did, immediately after the correction, adjustment and confirmation of the valuations directed to be returned to them under the act of the General Assembly of this State, entitled, an act for the general valuation and assessment of property in this State, and to provide a tax to pay the debts of the State, passed at the March session 1841, ch. 23, impose an assessment or tax of twenty cents or one-fifth of one per centum in every hundred dollars worth of assessable property within its jurisdiction, to wit, at the county aforesaid, and of this the said State puts herself upon the country, &c.

And the said State, as to the said *first* plea of the said defendants *Samuel M. Semmes* and *James P. Carleton,* by them first above pleaded, says, that the said *John M. Carleton,* in the condition of the said writing obligatory mentioned, hath not, from the time of making the writing obligatory aforesaid, hitherto well and faithfully observed, performed, fulfilled and kept, all and singular, the matters and things in the condition of the said writing obligatory mentioned and contained, which he, according to the condition thereof, ought to have observed, performed, fulfilled and kept, to wit, at the county aforesaid, and of this the said State puts herself upon the country, &c.

The State demurred generally to the *second* plea of S. M. S. and J. P. C.

And as to the *third* plea of the said defendants S. M. S. and J. P. C., the said State says, that the said commissioners of *Allegany* county did, immediately after the correction, adjustment and confirmation of the valuations directed to be returned to them under the act of the General Assembly of this State, entitled, an act for the general valuation and assessment of property in this State, and to provide a tax to pay the debts of the State, passed at the March session 1841, ch. 23, impose an assessment or tax of twenty cents or one-fifth of one per centum in every hundred dollars worth of assessable property within their jurisdiction, to wit, at the county aforesaid, and of this the said State puts herself upon the country, &c.

The county court rendered judgment on the demurrer to the *second* plea for the defendants S. M. S. and J. P. C., and that

the said *State of Maryland* take nothing by her writ and declaration aforesaid, and the said *Samuel M. Semmes* and *James P. Carleton* go thereof without day.

A jury was then sworn, who found a verdict, that the said *John M. Carleton*, *Samuel M. Semmes* and *James P. Carleton* do not owe the said *State of Maryland* the sum of $20,000, or any part thereof, in manner and form as the said *State of Maryland* hath within by her pleading alleged.

At the trial it was agreed that all errors in pleading be and they are hereby released, it being the wish of said counsel to try the merits alone of the questions involved.

The verdict and judgment being for the defendants, the State prosecuted this appeal.

The cause was argued before STEPHEN, ARCHER, DORSEY, CHAMBERS and SPENCE, J.

By HANSON B. PIGMAN, Deputy Attorney General for the State, who contended—

1. That the State, the plaintiff, was authorised by the terms of the bond of the said *John M. Carleton* and sureties, to change the days of payment of the taxes into the treasury, as she thought fit.

2. If she was not so authorised, the acts of 1841, ch. 116, and 1842, ch. 269, cannot in any wise be viewed as *contracts*, giving time to the principal, or any otherwise binding upon the State, so as to discharge the surety.

3. That the fact of giving time by the creditor to the principal by which a surety is discharged, is not pleadable *at law* in the *State of Maryland*.

4. That the principle of giving time to a principal, so as to release a surety, is not applicable between a sovereign State and an individual.

5. The court below, the appellant maintains, also committed error in this, that they proceeded to try and did try issues in fact, after giving judgment for the defendants, upon a demurrer which went to the gist of the action.

State *vs.* Carleton et al.—1843.

By G. A. Pearre for the appellee, who maintained—

1. That by the acts of the General Assembly of 1841, chap. 116, and 1842, chap. 269, the plaintiff extended the time of payment into the treasury by the collector, and gave day of payment without the knowledge and consent of the sureties, and thus released them.

2. That the defence in the second plea of the defendants, *James P. Carleton* and *Samuel M. Semmes,* is good and pleadable at law.

3. That the defence is also good, as against the State, as well as against an individual.

Stephen, J., delivered the opinion of this court.

The principal question involved in this case is an important one, although, according to our views, the merits of it lie within a very narrow compass. It is an action upon the collector's bond of *Allegany* county, and his two sureties, given to secure the faithful performance of the duties of the office of collector of the direct tax of that county. The action was a joint one against the principal and his sureties; and the sureties pleaded that time had been given by law, without their consent, to their principal, for the payment of the taxes into the treasury, by which extension of time they were discharged by law from all responsibility under or by virtue of their said bond. To this plea there was a demurrer, and the court below overruled the demurrer, and gave final judgment against the State, and in favor of the two sureties. The court then proceeded to try the issues in fact, and upon the finding of the jury, that nothing was due to the State, gave likewise a final judgment in favor of all the defendants upon such verdict. We think there was error in the judgment of the court below, and that the same ought to be reversed.

The condition of the bond is, that the principal shall well and truly account for and pay over to the treasurer the several sums of money which he shall receive or be answerable for by law, "at such time as the law shall direct." The extension of the time of payment therefore by the legislature was no change

33    v.1

or alteration of the terms of the contract, but was warranted and authorised by the express language of the condition of the bond upon which the suit was instituted. The principle, therefore, that time given to the principal debtor by the creditor, without the consent of the sureties, will operate their discharge, cannot be applied to this case. The terms of the condition of the bond, reserved to the State a right to grant the indulgence by law, if she thought fit to do so, without affecting in any manner the liability of the sureties. But it is not necessary to rely upon the condition of the bond alone for the reversal of the judgment of the court below. A similar question was brought before the Court of Appeals for the Eastern Shore from *Worcester* county several years ago, and the court then decided, that the granting of indulgence by law to the principal collector, did not operate to discharge his sureties. The law was not considered as binding or obligatory upon the State, but alterable by the legislature, at their pleasure, whenever the interest or convenience of the State might require it.

We therefore think that there was error in the judgment of the court below, rendered upon the demurrer to the second plea of the sureties, in which they rely as a defence to the action upon the extension of time granted to their principal by law, without their privity or consent, for the payment of the taxes into the treasury; such defence being legally insufficient and untenable. The demurrer should have been ruled good, and judgment given thereon for the plaintiff. After refusing to sustain the demurrer of the plaintiff to the second plea of the sureties, founded upon the indulgence granted to the principal, the court proceeded to try the issues in fact, and for that purpose ordered a jury to be sworn. Those issues were made up from pleas pleaded separately by the principal, and jointly by the sureties. Those pleas were performance, and that no tax was imposed by the commissioners of *Allegany* county, according to law. The State replied generally, that the principal had not performed the duties imposed upon him by the condition of his bond, and that the tax had been imposed by the commissioners according to law. No breaches were as-

signed conformably to the provisions of the statute of 8 and 9 *William 3rd*, upon that subject. The jury, by their verdict, found that nothing was due from the defendants to the plaintiff, and upon that verdict, judgment was given by the court below in favor of the defendants. In rendering such judgment, there was, we think, manifest error, because the matters put in issue by the pleadings were not found by the jury, and the verdict being therefore defective in point of law, no judgment could legally be entered upon it.

Upon the subject of interest, we think that no difficulty can exist. The extension of time by law being warranted and sanctioned by the terms of the condition of the bond, and being in no wise binding or obligatory on the State, there was not such a variation of the terms of their contract, in reference to the subject of interest, as could operate to discharge the sureties, or affect, in any manner, their liability. We are, therefore, of opinion, that the judgment of the court below ought to be reversed, and a procedendo ordered.

JUDGMENT REVERSED AND PROCEDENDO AWARDED.