STAFFORD H. PARKER *vs.* JAMES C. SEDWICK.

When interrogatories are filed time enough before a foreign commission goes out to allow the opposite party an opportunity of filing cross-interrogatories, no notice of the time and place of the execution of the commission need be given.

When the interrogatories are not thus filed, notice of the time and place of taking the testimony given by the commissioners is sufficient, but such notice coming from the *attorney* of the party, without the consent or approbation of the commissioners, is not sufficient.

An endorsement upon a *fieri facias* accompanying the record of a judgment in Virginia, that the plaintiff in the judgment "had received payment in full of this execution from" the defendant, duly certified to by the clerk, is *prima facie* evidence of the payment of the judgment by the defendant.

Any entry or endorsement upon a *fieri facias,* when returned, relating to the payment or satisfaction of the claim, is presumed, in the absence of proof to the contrary, to be there with the knowledge and approbation of the officer, and that it is true; it is considered as his return.

APPEAL from Calvert County Court.

This is the second appeal in this case, the first being reported in 4 *Gill,* 318. The suit was instituted by the appellant to recover money paid by him, as the surety of the appellee, on the latter's bond, in Virginia, as administrator of Benjamin Sedwick. The declaration upon which the case

36    v.5

was last tried was in *debt*, on simple contract for $1054.57.
Some questions upon the pleadings were raised and argued
in this court, but as the opinion takes no notice of them no
further statement is deemed necessary.

Two exceptions were taken by the plaintiff to the rulings of
the court below, (DORSEY, C. J., WILKINSON and BREWER,
A. J.,) both of which are fully stated in the opinion of this
court. The verdict and judgment being in favor of the de-
fendant, the plaintiff appealed.

The cause was argued before LE GRAND, C. J., ECCLESTON
and MASON, J.

*H. W. Davis* for the appellant.

1st. Commissions at law are subject to the same rules as
those in equity. With respect to foreign commissions, the
law allows the party to take the deposition upon either:—1st,
filing interrogatories in time for the opposite party to file cross-
interrogatories before the commission goes out; or 2nd, upon
actual notice of the time and place of executing the commission.
If the former course be pursued, no notice of time and place
is required. 2 *H. & J.*, 98, *Owings vs. Norwood. Do.*,
195, *De Sobry vs. De Laistre.* 4 *Gill*, 318, *Parker vs.
Sedwick.* If the second course be pursued, it has been de-
cided that notice given by the commissioners is sufficient. 1
*Gill*, 98, *Calvert vs. Coxe.* But here the notice was given by
the attorney of one of the parties to the attorney of the other.
The acts of 1773, ch. 7, sec. 7, and 1785, ch. 72, sec. 14,
do not say from *what source* the notice must come, and
there is no case which has decided that such notice as the
present is irregular, but on the contrary, it is intimated in
several of the cases that it may come from other persons than
the commissioners.

2nd. The certificate and seal are conclusive that the whole
of the papers certified are the *record* of the proceedings in the
case. 7 *Cranch*, 408, *Ferguson vs. Harwood.* 4 *Pet.*, 331,
*Galt vs. Galloway.* 1 *How.*, 290, *Williams vs. The United
States.* That record, purporting that the judgment it contains

against the appellant was satisfied by him, is evidence here of such satisfaction. Any evidence, oral or written, that the security paid the money, or any admission by the obligee at the time of payment, is admissible. 3 *Eng. C. L. Rep.*, 140, *Dunn vs. Slee.* 1 *H. & J.*, 449, *Williamson vs. Perkins.* The receipt is endorsed on the *fi. fa.* and is certified as being part of the return, and this court has no right to say it is an *unofficial* act. The clerk's certificate says it is properly on the writ, according to the practice in the Virginia courts. It was at least equal to a docket entry, which is proof of satisfaction of a judgment. 4 *H. & J.*, 307, *Sotheren vs. Reed.* Every act of an officer is presumed correct till the contrary appears. This entry could only have been placed upon the writ by the *sheriff* or the *plaintiff* in the judgment, for they only possessed the writ; if the writ went to the sheriff's hands then he returns the *plaintiff's receipt* as *his* return; if it went to the plaintiff's hands he himself returned it, and either of these facts prove the genuineness of the receipt and so make it evidence. 2 *Gill*, 74, *Benson vs. Boteler.*

*A. Randall* for the appellee.

1st. The evidence taken under the commission was properly rejected, because:—1st, reasonable notice was not allowed to the appellee between the filing of the appellant's interrogatories and the sending out of the commission in order to enable him to file cross-interrogatories. The case of *Parker vs. Sedwick*, 4 *Gill*, 318, requires that notice of the filing of interrogatories should be given *before* the transmission of the commission, whereas here it was not given till several days *after* the commission had been sent. But if this objection be waived there was not a *reasonable* time allowed: only six days were allowed for the counsel to go from Annapolis to Calvert, see his client, examine the records, and prepare and transmit his cross-interrogatories. 2nd, the appellant must show affirmatively that reasonable notice was allowed, which he has not done. 2 *H. & J.*, 98, *Owings vs. Norwood.* 3rd. The notice served by the *attorney* of the *appellant* upon the attorney of the appellee was not sufficient. The cases are clear to the point, that

such notice, in default of filing interrogatories in time, must be given by the *persons who are to execute the commission.*

2nd. The ruling in the second exception was also correct. The receipt endorsed upon the *fi. fa.* was not part of the record of the court duly attested. The sole evidence of payment is the receipt of *Jones*, that he had received the amount of the judgment from *Parker*. This is matter *in pais*, certified to by a third person; it is not the proceeding of *a court* to which the sanction of verity is to be given under the act of Congress. There is no evidence that Jones was not living, and he was the party to prove the payment. See 1 *Greenlf. on Ev.*, secs. 498, 511. 4 *H. & McH.*, 392, *Leatherbury vs. Bennett.* 1 *Maule & Selw.*, 599, *Cator vs. Stokes.* 3 *Murphy*, 331, *Governor vs. Bell. Willes*, 550, *Omichund vs. Barker.* The court only excluded this evidence as proof of the payment of the money. The individual signature of Jones on a *record* is of no more avail than upon any thing else; the clerk does not and *cannot* certify to this signature.

ECCLESTON, J., delivered the opinion of this court.

In this case a commission to take testimony was issued the 30th of April 1850, to three commissioners of Richmond, in Virginia. On the 3rd of May following, the attorney of the plaintiff gave to the attorney of the defendant, then in the city of Annapolis, the following notice: "Above is a copy of the interrogatories, which accompany the commission, in the case of S. H. Parker vs. J. C. Sedwick, issued from Calvert county court, to Samuel T. Pulliam, William Goddin and Edward C. Howard, of Richmond, Virginia. I further inform you that the testimony will be taken on Friday, the 10th inst., at Richmond." It is admitted that this notice was not given in the name of, or as emanating from, the commissioners; that between Annapolis and Richmond there was a railway and daily mail; and that the defendant resided in Calvert county, in this State, about fifty miles from Annapolis.

The commission was executed at Richmond, on the 10th of May 1850, the witnesses being examined upon interroga-

tories, copies of which are referred to in the notice to the defendant's attorney.

When the plaintiff offered to read to the jury the testimony taken under this commission, it was objected to as inadmissible, because the interrogatories did not appear to have been filed, and the defendant notified thereof a sufficient time before the issuing of the commission to give him an opportunity of filing cross-interrogatories. The court sustained the objection, and this decision is the foundation of the first bill of exceptions.

It has been several times decided that under a foreign commission, when interrogatories are filed time enough before the commission goes out to allow the opposite party an opportunity of filing cross-interrogatories, no notice need be given of the time and place when and where the commission is to be executed. 2 *H. & J.*, 98, 99, *Owings vs. Norwood*. 4 *Gill*, 318, *Parker vs. Sedwick*.

In *Calvert vs. Coxe*, 1 *Gill*, 97, 116, a notice of the time and place of taking the testimony, given by the commissioners, was held sufficient. But we have met with no case where a notice of this sort, coming from an attorney, without any evidence of its being authorized or sanctioned by the commissioners, has been deemed available. It is very certain that neither a party or his attorney has authority to fix the time and place, so as to make it binding upon the opposite party, or upon the commissioners; for this right, from the language of the commission, as well as the nature of the duty which the commissioners are to perform, must be in them. And therefore any notice which does not come from them, or is not given with their consent and approbation, can have no binding effect upon the party on whom it is served. In this instance the admission is, that the notice was served upon the defendant's attorney, "but not in the name of, nor as emanating from, the commissioners." And indeed, from the shortness of the time between the issuing of the commission and the day of the notice, the attorney might very well have believed that the commissioners never had authorized the

notice. In the entire absence of any proof that it was given with their approbation, we think the notice was defective, and that the court were right in refusing to let the evidence be read to the jury.

The second bill of exceptions sets out the proceedings, and decree or judgment, in Virginia, in a suit by Charles S. Jones against the present appellant, upon a bond given by the appellee, as administrator of Benjamin Sedwick, in which the appellant is a surety. There is also a judgment on the same bond against the appellee, in favor of Charles S. Jones. Following what appears to be a very full record of these judgments, is a copy of a *fieri facias* against Parker, on which is endorsed: "Received payment in full of this execution from Stafford H. Parker."—Signed, "Charles S. Jones, January 22nd, 1841." The clerk then certifies, "that the writing subjoined to the preceding transcript of a record is a true copy of a writ of *fieri facias,* issued on the judgment in the said record mentioned, and of the endorsements made on the said execution, which is now returned to and filed in my office."

When this record, including the endorsement on the *fieri facias,* was offered in evidence, the defendant applied to the court to exclude from the jury the endorsement of the receipt, as being incompetent, in connection with the record to prove the payment of the judgment by Parker to Jones, and the court decided that the receipt so endorsed on the *fieri facias,* was inadmissible for that purpose.

The record shows that the judgment against Parker was a separate judgment against *him* upon the administration bond, and that the *fieri facias* was issued *against him* upon that judgment. If the sheriff had returned the writ satisfied, without saying by whom, the legitimate inference would have been that it was paid by the defendant in the execution. And we see no good reason why this receipt should not be *prima facie* evidence of the payment by Parker. According to our laws, (by which we are to be governed, as there is no proof that those of Virginia differ from ours,) a *fi. fa.* is delivered

by the clerk, who issues it to the sheriff, and it remains in his possession, or that of his deputy, until returned to the clerk. Being thus in the hands of an officer of the law, in the absence of proof to the contrary, it must be presumed that any entry or endorsement upon the writ, when returned, which relates to the payment or satisfaction of the claim, is there with the knowledge and approbation of the officer, and that it is true; for returning the writ with the endorsement, without any act or entry on his part to contradict or deny the truth of the endorsement, it is to be considered as his return, so that a receipt like the present is virtually a return by the sheriff, that the execution had been satisfied by the defendant.

As evidence of the practice in this State, so far back as 1803, in regard to a sheriff's return upon an execution, we refer to the case of *Williamson vs. Perkins,* 1 *H. & J.*, 452. There the sheriff returned a *venditioni exponas,* "countermanded by plaintiff." An endorsement on the back of the writ, signed by the plaintiff, was recognized by the court as part of the return, although no particular reference was made to the endorsement by the sheriff.

The decision of the court below in the first bill of exceptions we think is correct, but the ruling in the second is erroneous, and therefore the judgment will be reversed.

*Judgment reversed and procedendo awarded.*