ANSLEY GILL and JAMES McMAHON *vs.* WILLIAM F. WELLER.

*Conditional acceptance of an Order.*

The eighth count of the *narr.* in this suit brought by the appellee against the appellants declared upon the following order and acceptance:

"GRANITE, *Aug.* 28*th*, 1877.

"MESSRS. GILL & McMAHON.

*Gent:*—Please pay Wm. F. Weller, or order, two hundred dollars on Sep't 10, and your note for bal. due on forty thousand Belgian paving blocks, at forty-eight dollars pr. thousand, James Clegg agreeing to deliver you, forty or more thousand blocks, on the line of your road on cars, or the place called the Summit."

"JAMES CLEGG."

"We accept this order when the blocks *is* delivered."

"GILL & McMAHON."

It was in evidence that thirty-eight thousand three hundred blocks were delivered by Clegg, and received by the defendants before the 10th of September. On the 11th the plaintiff took possession under a bill of sale, of the granite blocks quarried by Clegg; and on the next day called on the defendants, to ascertain the number of blocks that had been delivered, and proposed to deliver the balance, when he was informed by them that they did not then want them, that they had no use for them. The plaintiff directed his men to deliver at the "Summit" the remaining seventeen hundred blocks, which was done four or five days thereafter. The defendants refused to receive them; but the blocks were nevertheless "dumped" out upon the ground, there being no cars there at the time in which to put them. HELD:

1st. That the acceptance of the order was conditional, and binding on the defendants only in the event that the whole number of forty thousand blocks should be delivered by the 10th day of September.

2nd. That as there was no privity of contract between the defendants and the plaintiff, and as the whole right and claim of the latter was based upon the order and acceptance, no right of action could

arise, the condition not having been performed by the delivery of the blocks before the 10th day of September.

APPEAL from the Superior Court of Baltimore City.

The eighth count of the declaration in this case was as follows:

8. And for that James Clegg drew his order on the defendants to pay to the plaintiff $200.00 on the 10th September, A. D. 1877, and to give his note for the balance due on 40,000 Belgian blocks, at $48 pr. m., and the defendants accepted said order with the condition "when the blocks *is* delivered," and the said blocks have all been delivered, but the defendants refuse to comply with the order, to the great damage and injury of the plaintiff. The defendants pleaded, for a first plea, that they never were indebted as alleged, and for a second plea, that they did not promise as alleged, and for an additional plea, that heretofore, to wit, on the 21st day of September, 1877, James W. Offutt obtained a judgment in the Circuit Court for Baltimore County, against James Clegg, in and for the sum of $360.67, (three hundred and sixty dollars, sixty-seven cents, with interest from date and costs of suit,) and that subsequently, to wit, upon the 21st day of September, 1877, at the instance of the said James Clegg, there issued out of this Court an attachment upon said judgment, in accordance with the Act of Assembly, in and for such cases made and provided, to recover the said sum aforesaid of $360 and $\frac{67}{100}$ as aforesaid, and costs of the said suit, which attachment was laid in the hands of the defendants on the 22nd day of September, 1877 ; and that subsequently on September 18th, 1877, a certain Andrew Logan obtained also in the said Circuit Court of Baltimore County, a certain other judgment against the said James Clegg, in and for the sum of twelve hundred and fifty-one dollars and eighty-eight cents, with interest and costs, *upon* the 18th day of September, 1877 ; that the said Andrew

Logan, on the 26th day of *November*, (?) 1877, in accordance with the Act of Assembly in and for such cases made and provided, caused an attachment to issue from this honorable Court upon the said judgments last aforesaid, for the recovery of the said sums last aforesaid, and costs of said attachment ; which attachment was laid in the hands of these defendants on the 27th day of September, 1877 ; and the defendants in fact say, that the said attachments upon the said judgments so as aforesaid, were and are issued to recover condemnation of the sum of money supposed and declared by the plaintiff to be due unto himself, upon the eighth count in his said declaration contained, from these defendants ; and these defendants say, that in fact they are not otherwise in anywise indebted to the said plaintiff, than in respect of the said sum sought to be recovered under the said eighth count aforesaid, without this, that they are in anywise, and for any sum of money whatsoever, indebted unto the plaintiff upon the said declaration aforesaid, and that the said attachments are in fact levied to recover condemnation by the said James Offutt and Andrew Logan, creditors of the said James Clegg, of the same sum of money, for the recovery of which as aforesaid the said plaintiff hath declared in his said count number eight.

The plaintiff demurred to the additional plea, and the Court sustained the demurrer.

*Exception:*—The Court (DOBBIN, J.,) instructed the jury as follows :

If the jury shall find the execution by Clegg of the order given in evidence, and the acceptance thereof by the defendants written thereunder, and shall further find that the whole number of blocks were delivered and accepted by the defendants, and that the defendants afterwards refused to pay for them, the plaintiff is entitled to recover.

And the defendants offered the following prayers :

1. That upon the contract offered in evidence, there is

no evidence legally sufficient to have entitled the plaintiff to recover the sum of $200, on the 10th day of September.

2. If the jury find from the evidence that the full amount of forty thousand blocks were not delivered on or before the 10th day of September, then the plaintiff is not entitled to recover under the eighth count therefor, unless the jury shall find that subsequently the balance of the said stone was delivered with the consent and acquiescence of the defendants, of which consent and acquiescence there is no evidence.

3. That the acceptance of the order offered in evidence is conditional upon the delivery of the whole of said blocks; and if the jury shall find that the entire number of forty thousand was not delivered on or before the 10th day of September, 1877, then their verdict must be in favor of the defendants.

4. That the contract for the payment of the balance by a note is void for uncertainty, and the plaintiff is not, in this action, entitled to recover for any other sum, in respect of which the said note was supposed to have been delivered.

5. If the jury shall find from the evidence that the whole sum of forty thousand blocks were not delivered, then the condition of the accepted order has not taken effect, and the defendants are not liable under the said acceptance, and their verdict must be in favor of the defendants.

6. That there is no evidence upon which the plaintiff is entitled to recover under the first, second, third, fourth, fifth, sixth and seventh counts.

7. That there is no evidence legally sufficient to go to the jury, under which the plaintiff is entitled to recover under the eighth count.

8. That under the order of James Clegg, dated August 28th, 1877, and directed to Gill and McMahon, the plaintiff is not entitled to recover on said order mentioned,

unless the jury find from the evidence that a note was given by Gill and McMahon to the plaintiff, as requested in said order, and that there is no evidence that any note was so given.

9. That if the jury find, as testified by the plaintiff, that the only conversation in respect of the order, took place in Fayette street, and was of the substance following: "I, the plaintiff, asked McMahon what he would do with the order; he said he wouldn't pay it, that there was a contention about it, and he would not be bothered with it;" then there was no demand sufficient in law for the fulfilment of the said contract, and the plaintiff is not entitled to recover.

The Court granted the fifth and sixth prayers of the defendants, but refused their other prayers. To the instruction of the Court and to its refusal to grant their first, second, third, fourth, seventh, eighth and ninth prayers, the defendants excepted, and the verdict and judgment being for the plaintiff, they appealed.

The cause was argued before BARTOL, C. J., BRENT, GRASON and ROBINSON, J.

*John Henry Keene, Jr.* and *A. Stirling, Jr.*, for the appellants.

*Fielder C. Slingluff*, for the appellee.

BARTOL, C. J., delivered the opinion of the Court.

This suit was brought by the appellee; the declaration contains eight counts; at the instance of the appellants, the defendants below, the Superior Court instructed the jury that there was no evidence upon which the plaintiff was entitled to recover under the first seven counts. The case was tried and the verdict and judgment rendered

upon the *eighth count*, which declares upon the order and acceptance following:

" GRANITE, *Aug.* 28*th*, 1877.

MESSRS. GILL & McMAHON.

*Gent :*—Please pay Wm. F. Weller or order, two hundred dollars, on Sept. 10th and your note for bal. due on forty thousand Belgian paving blocks, at forty-eight dollars pr. thousand, James Clegg agreeing to deliver you forty or more thousand blocks, on the line of your road *on cars*, or the place called the *Summit.*

JAMES CLEGG."

" We accept this order when the blocks *is* delivered.

GILL & McMAHON."

It appeared in evidence that the appellants were contractors for paving West Falls Avenue, in Baltimore, for which they required Belgian blocks, and contracted with Clegg to deliver them. The appellee held a bill of sale of Clegg's property, and consented to the contract made by the latter with the appellants, provided the payment of the price for the blocks should be secured to him, hence the order was drawn.

It further appeared in evidence that 38,300 blocks were delivered by Clegg and received by the appellants before the 10th of September.

On the 11th, Weller took possession under his bill of sale of the granite blocks quarried by Clegg, and next day called on the appellants to ascertain the number of blocks that had been delivered and proposed to deliver the balance, when he was informed by the appellants "that they did not now want them, that they had no use for them." It may be inferred from the evidence that their contract for paving had been broken up; McMahon testified that Weller had taken it away from them, which however was denied by Weller in his testimony.

The appellee directed his men to deliver at the *"Summit"* the remaining 1700 blocks, which was done four or five days thereafter; the appellants refused to receive them, their workmen told Weller's men not to unload the wagons, and tried to prevent them from doing so; the 1700 blocks were "dumped" out upon the ground, there being no cars there at the time in which to put them.

Evidence was offered that the appellee demanded payment and was refused.

The exception of the appellants was taken to the ruling of the Superior Court upon the prayers.

There can be no doubt of the correctness of the Court's instruction to the jury considered by itself.

It is free from objection, provided there was evidence in the case to support it, and that cannot be denied or questioned on this appeal, as no special exception was taken to it in the Court below on that ground. We cannot therefore reverse on this instruction.

The defence rests upon the proposition that the acceptance of the order was conditional, and binding on the appellants only in the event that the whole number of 40,000 Belgian blocks should be delivered by the 10*th day of September*, and in our opinion this is the true meaning and construction to be given to the acceptance. This appears from the fact that the 10th day of September, was the time fixed for the payment of $200 in cash and for giving the promissory note for the balance. The character of the work in which the appellants were engaged, the purposes for which they wanted the blocks, and the other evidence in the cause supports this construction.

There being no privity of contract between the appellants and appellee, and the whole right and claim of the latter being based upon the order and acceptance, it follows that if the condition was not performed by the delivery of the blocks before the 10th day of September, no right of action could arise. The appellants might have waived a

Gill & McMahon *vs.* Weller.

compliance with the condition, and have received the blocks after the day named; but in this record there is no evidence of such waiver, nor of the acceptance by them of the 1700 blocks, attempted to be delivered by the appellee after the 10th of September, consequently the *second* and *third* prayers of the appellants ought to have been granted.

It was not error to refuse their *fourth* prayer, as it was shown by the testimony of Weller, admitted without exception, that the note mentioned in the acceptance was to be a note at sixty days.

Their *eighth* and *ninth* prayers were also properly refused; the *eighth* because the failure to give the note could not of itself defeat the action; and in our opinion there was sufficient evidence, to be submitted to the jury, of a demand by the appellee, and a refusal by the appellants to pay the money or give the note.

Their *first* and *seventh* prayers were also properly refused because too general, in omitting to state any point upon which the evidence was insufficient. Here there was not a total failure of evidence. *Hatton vs. McClish*, 6 *Md.*, 407; *Warner vs. Hardy*, 6 *Md.*, 540, 541.

With respect to the demurrer to the *third* or additional plea, the Superior Court was clearly right in its ruling.

Being of opinion there was error in refusing the defendants' *second* and *third* prayers, the judgment will be reversed and a new trial ordered.

*Judgment reversed and*
*new trial ordered.*

(Decided 19th June, 1879.)