METZ *v.* HEFLIN et ux.

[No. 423, September Term, 1963.]

*Decided July 8, 1964.*

The cause was argued before the entire Court.

*Joseph P. Blocher,* with whom were *R. Robert Linowes* and *James R. Trimm* on the brief, for the appellant.

*Robert C. Heeney,* with whom were *Heeney & McAuliffe* on the brief, for the appellees.

HAMMOND, J., delivered the opinion of the Court.

Ernest W. Heflin and Mabel, his wife, by written contract dated September 14, 1962, and signed September 20, agreed to sell to Nathan Metz for $100,000 some four and a half acres of land in Montgomery County which was zoned R-90. A part of the contract language was as follows: "Property is sold subject to a minimum of R-20 zoning to be obtained at expense

of Purchaser. This contract will expire and become void by April 30, 1963, in the event that said zoning does not take place" (The Heflins agreed to take back a first trust of $70,000, "subordinated to construction and permanent loans to be placed by a recognized lending institution." Rezoning to R-20, or greater, density would have been of benefit not only to Metz, the purchaser, who intended to develop the land, but also to the Heflins because it would have increased the worth as security of their $70,000 first trust).

Metz made prompt application for rezoning but it was not granted by the County Council of Montgomery County until May 7, 1963.[1] On May 10 the purchaser demanded settlement and shortly thereafter was informed by the sellers through their lawyer that the contract provided that it would expire and become void if rezoning did not take place by April 30, 1963, and since zoning had not taken place by that date "the contract has expired and is now void and of no legal effect." The title company, which was holding the $5,000 deposit in escrow, was directed to return it to the purchaser. On May 23, 1963, the purchaser filed his bill for specific performance. The sellers demurred and answered. Judge Anderson sustained the demurrer on the ground that "the plaintiff has no contract upon which he can seek such specific performance" and dismissed the bill.

In this Court the purchaser argues that since in Montgomery County the County Council receives applications for rezoning only in the months of November and May, the parties must have intended that the purchaser need only to file his application for rezoning before April 30, 1963—that is, during November of 1962, as he did—to meet the requirement of the contract that zoning "take place" by April 30. We do not agree, finding that the language the parties used leaves no room for such a construction, and means what it literally says.

The promise of the Heflins to sell and convey their land to Metz was expressly made conditional upon Metz effecting a specified rezoning by a day certain. Metz did not meet that condition and the Heflins' obligation to perform their promise to

---

1. The Council announced on May 7 it would grant the application but it did not actually do so until May 21.

sell and convey ended. *Restatement, Contracts,* Secs. 250, 252, 374, 395; 3A *Corbin, Contracts,* Sec. 639; 6 *Corbin, Contracts,* Secs. 1252, 1264; 3 *Williston, Contracts* (Rev. Ed.), Secs. 663, 675. See *Griffith v. Scheungrab,* 219 Md. 27, 34-35, and authorities therein cited. In *Griffith,* we held that the seller of a house which the purchaser had to take only if FHA financing could be obtained had failed to perform a condition (sign a form which was a prerequisite to the obtaining of the financing by the purchaser) on which the obligation of the purchaser to buy the house depended. We said:

> "Having failed to perform, Mrs. Scheungrab is not in a position, by specific performance or otherwise, to hold Col. Griffith to the terms of the contract. Where a contractual duty is subject to a condition precedent, whether express or implied, there is no duty of performance and there can be no breach by nonperformance until the condition precedent is either performed or excused. An unexcused failure to perform makes it impossible for a breach to occur and, therefore, no remedy for enforcement is available to the delinquent one." (p. 34)

Cf. *Allview Acres v. Howard,* 229 Md. 238, and *Hill v. Benevicz,* 224 Md. 79.

No particular form of words is necessary to create and express a condition on which performance of a contractual duty is to depend. *Restatement, Contracts,* Sec. 258; 3A *Corbin, op. cit. supra,* Sec. 639; 3 *Williston, op. cit. supra,* Sec. 671. See *Boulevard Builders, Inc. v. Snyder* (Wis.), 108 N. W. 2d 914. There the contract provided: "This offer is subject to the buyers obtaining financing, if not, down payment shall be returned." The Court said at page 915, referring to the words "subject to" and "if not": "These are the usual words used in creating and stating a condition precedent." See also *Hoon v. Harmer Steel Products & Supply Co.* (C. A. 9), 278 F. 2d 427, *cert. den.* 364 U. S. 821 (holding that a clause similar to those in the instant case made time of the essence in the performance of the condition); *Goodwin v. Jacksonville Gas Corporation* (C.

554

A. 5), 302 F. 2d 355; *Brier v. Orenberg* (Mun. Ct. App. D. C.), 90 A. 2d 832.

The words used in the Heflin-Metz contract before us made the contract "subject to" the designated rezoning, and provided that such rezoning must take place, that is, be effectively secured, no later than April 30, 1963, if the contract were not to then expire and no longer be a contract.

The words the parties used to express their mutual intent compelled Judge Anderson, under the facts alleged in the bill of complaint, to sustain the demurrer and dismiss the bill, since it was apparent as a matter of law that the purchaser had no existing contract which could be made the subject of specific performance, in that he had not caused rezoning of the property "to a minimum of R-20 zoning" to "take place" by April 30, 1963.

*Judgment affirmed, with costs.*