BARNES *v.* EUSTER, ET AL.

[No. 44, September Term, 1965.]

*Decided December 7, 1965.*

The cause was argued before PRESCOTT, C. J., and HAMMOND, MARBURY, BARNES and McWILLIAMS, JJ.

*M. J. Cuff* for appellant.

*Frank W. Wilson,* with whom were *Wheeler, Moore & Korpeck* on the brief, for appellees.

HAMMOND, J., delivered the opinion of the Court.

This case would seem to have become moot by the time it reached us for decision. The appellant's (the buyer's) amended bill, filed in May 1963, asking for specific performance of a contract dated August 7, 1959, for the sale to him by the appellees for cash of a tract of real estate in Montgomery County was dismissed on demurrer without leave to amend because the chancellor construed a provision of the contract that "this sale [is]

subject to the obtaining of necessary zoning for the erection of general offices for use of doctors within the next zoning application term" as a condition precedent which had not been met. We were told at the argument that after the dismissal the appellees had sold the property to another buyer, despite the fact that an appeal to this Court had been noted and a supersedeas bond filed, as well as that the lawyers for the second purchaser, who had certified the title, paid the appellant a substantial sum in return for his release of all claims to or against the property.

Although he now concedes that his right to specific performance is gone, appellant bravely asserts the right to damages from the appellees for their breach of contract in selling the property to another although no allegation as to, or claims for, damages were made in the amended bill.

The Montgomery County Code provides that applications for rezoning generally may be filed only during each of two specified months of the year, six months apart, and the parties agree that the phrase in the contract "next zoning application term" meant the six months' period following the first day of the month in which zoning applications could be filed next ensuing after the signing of the contract. The appellant timely filed his application for rezoning on December 30, 1959, but the District Council had not acted on the application by the end of the current "application term," and on October 10, 1961, the sellers notified the appellant in writing that the contract "has been terminated," and that the ten per cent deposit was being returned. The appellant returned the deposit and on February 9, 1962, filed a bill for a declaratory judgment that the contract remained in full force and effect because the District Council were still considering the zoning application. After a demurrer to this bill had been sustained, appellant on May 14, 1963, filed an amended bill for specific performance in which he alleged that the District Council had denied the rezoning on March 19, 1963, that the sellers had repudiated the contract on October 10, 1961, and, for the first time, expressed a willingness to waive the condition as to the obtention of rezoning, saying that despite the Council's decision and his appeal therefrom, "* * * the plaintiff *waives* the condition * * * relative to ac-

quiring the necessary zoning * * *" (emphasis added), and stood ready to take the property as it was.

Although the contract did not expressly make time of the essence, it may well be, as appellees contend, that by reason of the condition as to rezoning, the contract was like a unilateral contract, such as an option, in which the law makes time of the essence (as in *Clarke v. Lacy*, 213 Md. 482, and *Shea v. Marton*, 214 Md. 539), and that time ran out with the expiration of the then current "zoning application term," and the contract then ended, as in *Metz v. Heflin*, 235 Md. 550, without further obligation on either party.

Even if *Clarke* and *Shea* do not control the decision here, the appellant cannot prevail. For the purposes of decision, it may be assumed that "* * * the equity court could take cognizance of such a claim in the circumstances of this case," as Chief Judge Brune said for the Court in *Allview Acres v. Howard*, 229 Md. 238, 247. In that case the contract was conditioned, as the Court saw it, upon reasonable efforts by the seller to have the property rezoned to a more intensive use. The efforts were made but failed. The bill of the seller sought to have the contract declared void, and the buyer cross-claimed for specific performance or for a sum mentioned "as liquidated damages" on the ground the efforts had not been reasonable.

If in the case before us the equity court could take cognizance of a claim for damages—and none were alleged or specifically claimed in the amended bill for specific performance—it could award damages only if the sellers had breached an obligation to the buyer. The contract provision was that it was "subject" to the specified rezoning being obtained within the current zoning application term, and "where a contractual duty is subject to a condition precedent, whether express or implied, there is no duty of performance and there can be no breach by nonperformance until the condition precedent is either performed or excused." *Griffith v. Scheungrab*, 219 Md. 27, 34. Here it was not performed, and, if the further assumption be made that the condition was not one for the benefit of both parties to the contract, as in *Metz v. Heflin, supra*, but was for the protection only of the buyer, it could have been excused or waived by him as being a provision for his benefit, see *Griffith v. Scheungrab*,

*supra; Bluthenthal & Bickart v. May Co.,* 127 Md. 277, 282; *Gill v. Weller,* 52 Md. 8, 15; 17 Am. Jur. 2d *Contracts* §§ 361, 392; 3A Corbin, *Contracts* § 761 (1960); *cf.* Restatement, *Contracts* §§ 88 and 297, but the excusing or waiving would have had to be done before the expiration of the current zoning application term or within a reasonable time thereafter.

The written agreement of the parties was that both were bound if satisfactory rezoning were obtained by the specified time. After that time had expired without obtention of the rezoning, the buyer was not bound, and if the obligation of the sellers after that time were to continue or be extended, he must have agreed within a reasonable time thereafter to have become bound again. The situation is as if the sellers, at the end of the then current zoning application term, had again offered to sell the property for so much cash; in which case the buyer would have had to accept the offer within a reasonable time or have it lapse.

It is hornbook law that an offer of no specified duration must be accepted within a time reasonable under the circumstances or the offer will lapse and a subsequent attempt to accept will be of no effect. Restatement, *Contracts* § 40 (1932); 1 Corbin, *Contracts* § 36 (1963); 17 C. J. S. *Contracts* § 51 (1963); *Van Camp Co. v. Smith,* 101 Md. 565, 573; *cf. Hagan v. Dundore,* 185 Md. 86; and *Chapman v. Thomas,* 211 Md. 102.

In mid-1960 the buyer knew the condition had not been met, but it was not until three years later, on May 14, 1963, in his amended bill for specific performance, that he first indicated by word or act that he was willing to excuse or waive the condition and take the land as it was. Some sixteen months after the last day of the critical zoning application term, when the sellers wrote that the contract had terminated, he took the position it was still in force, subject to the condition. Four months later he filed a bill which in effect asked a declaration that he still had time to obtain the rezoning because the District Council had not yet acted. His delay in excusing or waiving the condition was unreasonable as a matter of law in light of the notification of termination by the sellers and the rapidly rising prices of real estate in Montgomery County. *Cf. Doering v. Fields,* 187 Md. 484. Generally, whether a delay in accepting an offer

is unreasonable under the circumstances is a question for the trier of fact to decide, but if the facts and permissible inferences are undisputed, as they are here, a court will rule on the point as a matter of law. 17A C. J. S. *Contracts* § 632 (1963) ; *Van Camp Co. v. Smith,* and *Hagam v. Dundore,* both *supra.*

*Order affirmed, with costs.*