*Moore v. Donegal*, No. 788, September Term, 2019, Opinion by Graeff, J.

**SETTLEMENT CONTRACTS — OFFER AND ACCEPTANCE — LAPSE**

In contract law, an offer is a conditional promise, and the offeree has the power to accept the offer and create a contract. When an offer provides no specified time for acceptance, it must be accepted within a time reasonable under the circumstances or it will lapse and can no longer be accepted. When a settlement offer that does not specify a time for acceptance is made while the trial is still proceeding, the issue whether the offer was accepted in a reasonable amount of time generally is an issue of fact to be determined by the trier of fact. Here, where the offer was accepted prior to final judgment, within approximately two hours after appellee stated that the offer was still on the table, the issue whether appellant accepted the offer within a reasonable time was a question of fact. The circuit court erred in granting appellee's motion for summary judgment based on its finding, as a matter of law, that the offer lapsed.

REPORTED

IN THE COURT OF SPECIAL APPEALS

OF MARYLAND

No. 788

September Term, 2019

_____

TRINA MOORE

v.

DONEGAL MUTUAL INSURANCE
COMPANY

_____

Graeff,
Leahy,
Shaw Geter,

JJ.

_____

Opinion by Graeff, J.

_____

Filed: September 30, 2020

*Kehoe, J., did not participate in the decision to
report this opinion pursuant to Md. Rule 8-605.1.

Pursuant to Maryland Uniform Electronic Legal
Materials Act
(§§ 10-1601 et seq. of the State Government Article) this document is authentic.



Suzanne C. Johnson, Clerk

Trina Moore, appellant, filed a complaint against Donegal Mutual Insurance Company ("Donegal"), appellee, alleging that Donegal breached a settlement agreement negotiated in the underlying case of *Moore v. Belmont*, No. 03-C-17-000487. Both parties filed motions for summary judgment. After a hearing, the Circuit Court for Baltimore County denied Ms. Moore's Motion for Summary Judgment and granted Donegal's Motion for Summary Judgment. The court entered judgment in favor of Donegal, finding that there was no settlement agreement in the underlying case because Ms. Moore did not accept Donegal's offer until after it had lapsed.

On appeal, Ms. Moore presents the following questions for this Court's review, which we have rephrased slightly, as follows:

1. Did the circuit court err in granting Donegal's Motion for Summary Judgment?

2. Did the circuit court err in denying Ms. Moore's Motion for Summary Judgment?

For the reasons set forth below, we shall reverse the judgment of the circuit court.

## FACTUAL AND PROCEDURAL BACKGROUND[1]

### I.

### *Moore v. Belmont*

On January 18, 2017, Ms. Moore filed a negligence claim against Belmont Hospitality Inc. ("Belmont") in *Moore v. Belmont*. Trial began on May 16, 2018. Ms.

---

[1] Because this is an appeal relating to rulings on motions for summary judgment, the facts come from affidavits, depositions, and responses to requests for admissions of fact.

Moore was represented by Joseph Spicer and Seymour Goldstein. Belmont's trial counsel was Christian Mann.

Michelle DiNizo was the insurance adjuster Donegal assigned to Ms. Moore's claim against Belmont. Prior to trial, Donegal offered to pay Ms. Moore $18,000 to settle her personal injury claims.

On May 17, 2018, at approximately 10:30 a.m., Mr. Goldstein called Ms. DiNizo and advised that Ms. Moore would settle the case for $21,500. Ms. DiNizo stated that Donegal was only willing to pay $18,000. In his deposition, Mr. Goldstein stated, and Donegal does not dispute on appeal, that Ms. DiNizo affirmed that the $18,000 offer was "still on the table."

The trial then continued. Ms. Moore closed her case, and according to Donegal, Ms. Moore did not call any witnesses to testify that Belmont acted negligently. Prior to the lunch recess, Belmont moved for judgment.

During the lunch recess, Ms. Moore's counsel advised counsel for Donegal that Ms. Moore accepted the offer of $18,000 to settle her personal injury claim. Defense counsel stated that he needed to speak to the insurance adjuster. Mr. Mann called Ms. DiNizo, who advised that the $18,000 offer was no longer available.

Mr. Goldstein then called Ms. DiNizo and confirmed that Ms. DiNizo previously had said that the $18,000 offer was still on the table. Ms. DiNizo advised that she had made a mistake in saying that. During her deposition, Ms. DiNizo explained that she should have told Mr. Goldstein in the first conversation that Donegal was not willing to pay $18,000.

Mr. Spicer brought the issue of the settlement offer to the attention of the circuit court, but the court refused to address it. At the close of trial, Belmont again moved for judgment, and the court denied the motion. On May 18, 2018, the jury returned a verdict finding that Belmont was not negligent.

## II.

### *Moore v. Donegal*

On May 23, 2018, Ms. Moore filed a complaint against Donegal in the District Court for Baltimore County. Donegal requested a jury trial, and the case was moved to circuit court. In her amended complaint, Ms. Moore stated she was seeking $18,000 due to Donegal's breach of the settlement agreement.[2]

Ms. Moore filed a Motion for Summary Judgment, alleging that there was no dispute of material fact that the parties created a contract. Donegal also filed a Motion for Summary Judgment, alleging that there was no dispute of material fact that there was no breach of contract between the parties.

On June 17, 2019, the circuit court held a hearing on the motions for summary judgment. At the hearing, counsel for Ms. Moore argued that there was no dispute of material fact in this case and only a question of law, i.e., whether a contract was formed when Ms. Moore accepted the $18,000 offer. She asserted that, after the initial $18,000 offer and her $21,500 demand, the adjuster said that the $18,000 offer was still on the table,

---

[2] Ms. Moore initially sued Ms. DiNizo as well, but she subsequently dismissed Ms. DiNizo as a party.

3

and her acceptance of that offer a couple of hours later was given within a reasonable time. Accordingly, a contract was formed.

Donegal argued that summary judgment should be granted for three reasons. First, it asserted that, because there was a counter demand of $21,500, "everything is washed out." Second, counsel noted that, although the $18,000 offer was on the table at 10:30 a.m., there was no evidence that the adjuster said that the $18,000 offer was "going to continue for any period of time." He asserted that Donegal was entitled to summary judgment because there was a lapse of time before acceptance of the offer. Counsel argued that, once Belmont made its motion for summary judgment in the underlying case, things had changed, and Ms. Moore knew that the case was "in big trouble" because she had closed her case without producing evidence that the defendant had notice of the defect that she asserted caused her to fall.[3] Third, Donegal argued that, because there was no release, there was no settlement agreement.

The court determined that Ms. Moore was not entitled to summary judgment, and it denied her motion. The court found, however, that Donegal was entitled to summary judgment. It stated:

> Specifically, I find that the offer had lapsed after a reasonable amount of time. A passage of time is not just about hours, minutes and seconds ticking by on a clock, the context matters. And in this case the context for the timing was that the trial had advanced to a different procedural posture, and I find that that is the time at which the offer had lapsed. So the Motion for Summary Judgment made by Donegal Mutual Insurance Company is

---

[3] Inconsistently, counsel argued that there was a dispute regarding what was a reasonable lapse of time, although he stated that, in the context of a jury trial, that time is very short.

granted, and the Court will enter judgment in favor of Donegal Mutual Insurance Company and against the Plaintiff Moore.

This appeal followed.

## DISCUSSION

Ms. Moore contends that the circuit court erred in granting Donegal's Motion for Summary Judgment and denying her motion. She asserts that Donegal "made an open-ended offer with no restrictions to settle [her] tort claim," which she accepted, "thereby creating a settlement contract between" her and Donegal. She asserts that there was "no evidence that the offer had lapsed," and her acceptance of the offer was within a reasonable amount of time when it was given within two hours from when she was told that the offer was "still on the table." Ms. Moore contends that there is no legal authority to support the circuit court's ruling that a change in the procedural posture of a case causes a settlement offer to lapse as a matter of law.

Donegal contends that the circuit court properly granted its Motion for Summary Judgment. Although Donegal disputes that an "open-ended offer" was made during the initial discussion, for purposes of argument in support of the court's grant of its Motion for Summary Judgment, it assumes that the offer was "open-ended." It argues, however, that there is no dispute that any such offer had lapsed by the time Ms. Moore accepted it. Donegal argues that, when a party does not specify "a time within which the offer is to be accepted," the other party must "accept the offer within a reasonable period of time, after it was made, for there to be a contract." It asserts that, in the "circumstances of an ongoing litigated trial, the reasonable period of time for a party to accept an offer would end at the

5

time the trial is resumed and going forward," and Ms. Moore's decision to accept $18,000

two hours later was "far too late."[4]

This Court has set forth the standard of review of an order granting a motion for

summary judgment, as follows:

> "On review of an order granting summary judgment, our analysis 'begins
> with the determination [of] whether a genuine dispute of material fact exists;
> only in the absence of such a dispute will we review questions of law.'"
> *D'Aoust v. Diamond*, 424 Md. 549, 574 (2012) (quoting *Appiah v. Hall*, 416
> Md. 533, 546 (2010)). We review the record "'in the light most favorable to
> the non-moving party and [we] construe any reasonable inferences that may
> be drawn from the well-pled facts against the moving party.'" *Id*. (quoting
> *Muskin v. State Dep't of Assessments & Taxation*, 422 Md. 544, 554–55
> (2011)).
>
> If, after reviewing the record, we determine "there is no material fact
> in dispute," we then "determine whether the trial court correctly granted
> summary judgment as a matter of law." *Doe v. Md. State Bd. of Elections*,
> 428 Md. 596, 606 (2012). "Our determination of whether the trial court's
> grant of summary judgment is proper 'is a question of law, subject to a non-
> deferential review on appeal.'" *Id*. (quoting *Tyler v. City of College Park*,
> 415 Md. 475, 498 (2010)).

*Woolridge v. Abrishami*, 233 Md. App. 278, 307–08 (quoting *Heit v. Stansbury*, 215 Md.

App. 550, 555 (2013)), *cert. denied*, 456 Md. 96 (2017). And, we generally review "only

the grounds upon which the trial court relied in granting summary judgment." *River Walk*

---

[4] Donegal also contends that the circuit court "did not abuse its discretion" in denying Ms. Moore's Motion for Summary Judgment. It asserts that, for purposes of this motion, it disputes that the $18,000 offer initially discussed was "open-ended." It argues that Ms. Moore's counteroffer to settle the case for $21,500 terminated the initial $18,000 offer. Although Ms. DiNizo stated that Donegal was still willing to pay $18,000 at that time, there was no evidence of the specific wording used during the phone calls. Donegal additionally contends that, without acceptance of the terms of the release, there was no contract. Donegal also argues, in support of the court's denial of Ms. Moore's Motion for Summary Judgment, that without acceptance of the terms of a release, there was no settlement.

*Apts., LLC v. Twigg*, 396 Md. 527, 541–42 (2007) (quoting *Standard Fire Ins. Co. v. Berrett*, 395 Md. 439, 451 (2006)).

"Settlement agreements are enforceable as independent contracts, subject to the same general rules of construction that apply to other contracts." *4900 Park Heights Avenue, LLC v. Crowmwell Retail 1, LLC*, 246 Md. App. 1, 19–20 (quoting *Erie Ins. Exch. v. Estate of Reeside*, 200 Md. App. 453, 460 (2011)), *cert. denied*, __Md.__, 2020 WL 4530233 (2020). In contract law, an "offer is always a conditional promise" and the offeree has the power to accept the offer and create a contract. *Md. Supreme Corp. v. Blake Co.*, 279 Md. 531, 539, 541 (1977). "It is horn book law," however, that when an offer provides no specified time for acceptance, it must be accepted "within a time reasonable under the circumstances or the offer will lapse and a subsequent attempt to accept will be of no affect." *Barnes v. Euster*, 240 Md. 603, 607 (1965). Whether a party accepted an offer within a reasonable amount of time generally is a question of fact for the trier of fact to decide. *Id.* at 607–08. If "the facts and permissible inferences are undisputed," however, a court can decide the issue as a matter of law. *Id.* at 608.

Here, there is no dispute that, at the time of the 10:30 a.m. phone call, after Donegal rejected Ms. Moore's demand of $21,500, Ms. DiNizo advised that the offer of $18,000 was still on the table. The issue is whether the offer lapsed or Ms. Moore accepted this offer within a reasonable amount of time.

In *Barnes*, 240 Md. at 607–08, the Court of Appeals stated that "[g]enerally, whether a delay in accepting an offer is unreasonable under the circumstances is a question for the trier of fact to decide, but if the facts and permissible inferences are undisputed, as they are

7

here, a court will rule on the point as a matter of law." In that case, there was an offer to purchase land subject to obtaining rezoning within six months. *Id*. at 604–05. After that time passed, without the requisite rezoning, the seller notified the purchaser that the contract had been terminated. *Id*. at 605. Two years later, the purchaser stated that it was willing to waive the condition that rezoning be obtained. *Id.* at 605–06. The Court held that the delay in accepting the offer with a waiver of the condition was unreasonable as a matter of law, given the seller's notification of termination and the rapidly rising prices of real estate. *Id*. at 607.

Here, we are not dealing with a delay of several years before Ms. Moore accepted the offer. Rather, the delay was approximately two hours. The circuit court found that the delay was unreasonable given the context of the case, i.e., that it was during trial and the procedural posture of the case was different at the time the offer was made from when Ms. Moore attempted to accept it.

We have not found any case in Maryland standing for the proposition that settlement offers lapse, as a matter of law, when the procedural posture of a case changes. Nevertheless, Donegal seeks a bright line rule that a reasonable period of time to accept an offer made during trial "would end at the time the trial is resumed and going forward." We are not persuaded.

To be sure, the reasonable time to accept an offer would end if there was a final judgment entered against the plaintiff. *See*, *e.g.*, *Sherrod ex. Rel. Cantone v. Kidd*, 155 P.3d 976, 978 (Wash. Ct. App. 2007) (Settlement offer "expired when the arbitrator announced the award[.]"); *Graham v. HHC St. Simons, Inc.*, 746 N.E. 2d 157, 161 (Ga. Ct.

8

App. 2013) (Reasonable time for plaintiff to accept settlement offer was before trial court entered summary judgment, where motion for summary judgment was pending when defense made the offer.). When an offer that does not specify a time for acceptance is pending while trial is still proceeding, however, the issue whether the offer was accepted in a reasonable amount of time generally is an issue of fact to be determined by the trier of fact.

Our conclusion is supported by *Yaros v. Trustees of University of Pennsylvania*, 742 A.2d 1118 (Pa. Super. Ct. 1999). In that case, Dr. Yaros brought a negligence claim against the University after she fell at its ice-skating rink. *Id.* at 1119. During trial, settlement discussions ensued, but no settlement was reached. *Id*. at 1119–20. At the conclusion of testimony, the University reiterated its offer of $750,000. *Id*. at 1120. Counsel did not give Dr. Yaros a time limit to accept the offer, stating only "you've got to get back to me." *Id*. After closing arguments, counsel for Dr. Yaros advised that she accepted the University's offer. *Id*. The University's attorney responded: "I don't know if it's still there, judge." *Id*. The next day, Dr. Yaros attempted to enforce the settlement, but the judge denied the motion, pending a hearing and the jury's verdict. *Id.* The jury then rendered a defense verdict in favor of the University. *Id*. Dr. Yaros then filed a motion to enforce the settlement agreement, which the court granted. *Id*.

On appeal, the Superior Court of Pennsylvania rejected the University's argument that the settlement offer lapsed, as a matter of law, because Dr. Yaros did not accept it in a reasonable amount of time. *Id*. at 1124. The court stated:

9

> What is a reasonable time is ordinarily a question of fact to be decided by the jury and is dependent upon the numerous circumstances surrounding the transaction. . . . Such circumstances as the nature of the contract, the relationship or situation of the parties and their course of dealing, and usages of the particular business are all relevant.

*Id.* (quoting *Vaskie v. West Am. Ins. Co.,* 556 A.2d 436, 438–39 (Pa. Super. Ct. 1989)).

The court acknowledged that there were situations where the issue could be an issue of law:

> What is a reasonable time for acceptance is a question of law for the court in such commercial transactions as happen in the same way, day after day, and present the question upon the same data in continually recurring instances; and where the time taken is so clearly reasonable or unreasonable that there can be no question of doubt as to the proper answer to the question. Where the answer to the question is one dependent on many different circumstances, which do not continually recur in other cases of like character, and with respect to which no certain rule of law could be laid down, the question is one of fact for the jury.

*Id.* (quoting *Boyd v. Merchants' and Farmers' Peanut Co.,* 25 Pa. Super. 199, 205 (1904)).

The court upheld the trial court's treatment of the issue as a question of fact in that case, noting that the circumstances of settlement discussions vary in different cases. *Id.* Additionally, it upheld that court's factual finding that the 70-minute delay to accept the offer was not unreasonable, even though the offer was made during trial. *Id.* at 1125.

Here, where the offer was accepted prior to final judgment, within approximately two hours after the offer was stated to be still on the table, the issue whether the offer was accepted within a reasonable amount of time is an issue of fact. Accordingly, the circuit

10

court erred in granting Donegal's Motion for Summary Judgment based on its finding, as

a matter of law, that the offer lapsed.[5]

**JUDGMENT OF THE CIRCUIT COURT FOR BALTIMORE COUNTY REVERSED. CASE REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. COSTS TO BE PAID BY APPELLEE.**

---

[5] Because the case involves a dispute of material fact, the circuit court properly denied Ms. Moore's Motion for Summary Judgment.