# Boyd *v.* Merchants and Farmers Peanut Company, Appellant.

*Contract—Sale—Measure of damages—Breach.*

The measure of damages for a breach of a contract of sale of goods is the difference between the contract price and the market value of the goods at the time and place agreed upon for delivery.

*Contract—Sale—Weights—Evidence—Presumption.*

Where goods are sold for delivery f. o. b., it will be presumed, in the absence of evidence to the contrary that the weights are to be determined at the point of delivery.

*Contract—Sale—Damages—Province of court and jury.*

In an action for a breach of a contract of sale, where the evidence as to the market value of the goods at the time of the breach is all oral, and is conflicting, it is error for the court to withdraw from the jury the question of the amount of damages.

*Contract—Sale—Offer—Acceptance.*

When two persons meeting face to face bargain about the sale of an article of merchandise, and one expresses a willingness to accept certain terms, that willingness is supposed to continue, unless it is revoked, to the close of their interview and negotiations upon the subject; and if during

this time, the other party says he will take the article on the terms proposed, the bargain is thereby closed.

When a letter containing an offer requires an answer by return mail, the acceptance must be sent by the next post. If the offer does not specify the time, the acceptance must be within a reasonable time, or the offer will lapse.

When the parties are dealing with regard to a mercantile commodity the price of which in the market changes from day to day, and the party who receives the offer does not post his acceptance during the same business day, he cannot take advantage of a rise in the market price, and accept upon some future business day. What in any case is a reasonable time must be dependent upon the situation of the parties, and the subject-matter of the negotiations.

What is a reasonable time for acceptance is a question of law for the court in such commercial transactions as happen in the same way, day after day, and present the question upon the same data in continually recurring instances; and where the time taken is so clearly reasonable or unreasonable that there can be no question of doubt as to the proper answer to the question. When the answer to the question is one dependent on many different circumstances, which do not continually recur in other cases of like character, and with respect to which no certain rule of law could be laid down, the question is one of fact for the jury.

Where an offer by mail was accepted three days thereafter, but there is no evidence as to the time when the offer was received, nor as to the frequency and time occupied in transmission of mail between the points, the court cannot say as a matter of law that the offer had lapsed by reason of the delay.

Argued Oct. 6, 1903.    Appeal, No. 246, Oct. T., 1902, by defendant, from judgment of C. P. No. 3. Phila. Co., June T., 1898, No. 25, on verdict for plaintiff in case of W. Livingston Boyd, Robert T. Boyd and Jacob M. Boyd, trading as George Boyd & Sons v. The Merchants and Farmers Peanut Company. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ.    Reversed.

Assumpsit for goods sold and delivered.    Before FINLETTER, P. J.

The facts are stated in the opinion of the Superior Court.

At the trial when Robert T. Boyd was on the stand the following question was asked:

Q. What do those bills aggregate?

Objected to.    Objection overruled.    Exception for defendants. [1]

A. Two thousand three hundred and fifty-seven dollars and seventy cents.

Mr. Edmunds : I propose to show by the witness that the character of the acceptance of the proposition submitted by the defendants, in attempting to give shipping instructions, required the delivery of the peanuts, first, into the possession of one carrier and their transfer into the possession of another carrier, and that the transfer of the peanuts under those conditions would have the effect of depreciating their weight, and thereby imposing a money loss upon the defendants.

Objected to.    Objection sustained.    Exception for defendants. [2]

Verdict and judgment for plaintiff for $175.61.    Defendant appealed.

*Errors assigned* were (1, 2) rulings on evidence ; (3) in withdrawing the case from the jury.

*Charles H. Edmunds*, with him *Samuel Scoville, Jr.*, and *John Sparhawk, Jr.*, for appellant.—No contract ever existed between the parties herein, and the court erred in directing the jury to render a verdict for the plaintiffs, and in refusing when sitting in banc, to enter judgment in favor of the defendants on the point reserved at the trial: Allen v. Kirwan, 159 Pa. 612; Slaymaker v. Irwin, 4 Whart. 368; Clements v. Bolster, 6 Pa. Superior Ct. 411 ; Joseph v. Richardson, 2 Pa. Superior Ct. 208 ; Harlow v. Curtis, 121 Mass. 320 ; Clay Bros. v. Ricketts, 66 Iowa, 362 (23 N. N. Repr. 755).

The court erred in the admission and omission of evidence, as specified in defendants' assignments of error, and in its refusal to allow the case to go to the jury on the disputed question as to the amount of damages.

*George R. Van Dusen*, for appellees.—If a proposition be made by one man to another to purchase an article from him at a certain price and on certain terms, which is accepted as offered, then there is an agreement or contract: Slaymaker v. Irwin, 4 Wharton, 368; Adams v. Lindell, 1 Barn..& Ald. 681; The Household Ins. Co. v. Grant, L. R. 4 Exch. Div. 216 ; Tayloe v. Merchants' Ins. Co., 50 U. S. 390; Hamilton v. Lycoming Ins. Co., 5 Pa. 339 ; Hare on Contracts, 179, 342, et seq. ; Benjamin on Scales, secs. 44, 45, 46, 68.

OPINION BY PORTER, J., May 19, 1904 :

This is an action for damages for an alleged breach of contract for the sale of 1,000 bags of peanuts. There was no error in the admission of the evidence which is the subject of the first specification. Assuming that there had been a contract of sale and a breach thereof, the measure of damages was the difference between the contract price and the market value of the goods at the time and place agreed upon for delivery. The witness had testified that upon the refusal of the defendants to comply with the alleged contract the plaintiffs went into the market and bought goods of the same kind at the lowest price for which they could be obtained, delivered at the place asserted to have been designated in the said contract. The price at which goods sell, under the usual conditions in any business, is the market price, and market price is evidence of market value : Theiss v. Weiss, 166 Pa. 9.

The offer of evidence which is the subject of the second specification of error, was properly rejected. The contract upon which the plaintiffs relied was for a delivery of the goods f. o. b. Norfolk, and in the absence of evidence to the contrary, it must be presumed that the weights were to be determined at the point of delivery, and the plaintiffs, after receiving the goods, might take them where they pleased.

The remaining assignments of error may be considered together. The court below directed the jury to find a verdict for the plaintiffs for the full amount of their claim, "reserving for the consideration of the court in banc the question as to whether or not there is any evidence in this case to be submitted to the jury upon which the plaintiffs are entitled to recover." The jury, under this binding instruction, returned a verdict for the full amount of the claim, upon which the court subsequently entered judgment. There was a conflict of testimony as to the market value at the time of the alleged breach of contract ; all of the testimony upon that point was oral, the amount of damages was not, under such evidence, a matter to be determined by the court, and the withdrawal of that question from the consideration of the jury was an error for which the judgment must be reversed. Had the jury been permitted to pass upon the question of damages, we would not have been disposed to disturb the judgment which was ar-

rived at, in view of the manner in which the case was presented
in the court below.   The plaintiffs contended that a contract
for the sale and delivery of the goods had been arrived at
through a series of letters offered in evidence.   The plaintiffs
were merchants of the city of Philadelphia, and the defendants
were engaged in business at Norfolk, Virginia.   The plaintiffs,
on April 16, 1897, wrote to the defendants, saying : " Please
let us know what is the rock bottom price for 1,000 bags of
Extras, f. o. b. Norfolk; also f. o. b. Philadelphia."   The de-
fendants replied, mailing their letter on April 17 : " Replying
to your letter of the 16th, we beg to say that we will sell you
1,000 bags of Lions (Extras) at $2.30 net, f. o. b. Norfolk, or
$2.48 net, f. o. b. Philadelphia."   Three days later, on April 20,
plaintiffs telegraphed defendants : " Your f. o. b. offer ac-
cepted.   Ship us here one car immediately via Bay line, care
Ericsson line at Baltimore."   They at the same time wrote to
defendants, and referring to the telegram said : " Confirming
which we beg to accept your offer of one thousand bags of
Lions (Extras) at $2.30 net, f. o. b. Norfolk."   The defend-
ants, immediately upon receipt of the telegram, on April 20,
wrote to plaintiffs, and after reciting the telegram, said : " We
decline to accept the order unless we have the routing of the
goods ; " and on April 21, upon receiving plaintiffs' letter, at
once replied : " Replying to your favor of the 20th, we decline
to accept your order."   Defendants' offer, by letter of April 17,
was in the alternative, to sell for one price at Norfolk, for an-
other at Philadelphia ; had the latter offer been accepted, the
routing of the goods would have been within their control.
The plaintiffs did not in their telegram state which offer was
accepted, and that message did not complete a contract :
Johnston v. Fessler, 7 Watts, 48 ; Tucker v. Bitting, 32 Pa.
428.   If these parties ever arrived at an agreement, it must
be found in the offer contained in the defendants' let-
ter of April 17, and the acceptance in plaintiffs' letter of
April 20, which designated Norfolk as the place of deliv-
ery.   The offer was accepted in the terms in which it was
made, and the only question is whether it was in time : Slay-
maker v. Irwin, 4 Wharton, 368.   When two persons meet-
ing face to face bargain about the sale of an article of mer-
chandise, and one expresses a willingness to accept certain

terms, that willingness is supposed to continue, unless it is revoked, to the close of their interview and negotiations upon the subject; and if during this time, the other party says he will take the article on the terms proposed, the bargain is thereby closed: Donaldson v. Kerr, 6 Pa. 486. As the terms of a proposal may indicate when the presumption of a revocation attaches, so the nature of the transaction, without form of words, may clearly show when the binding effect of an offer ceases. When an offer is made to another orally and he goes away without accepting it, it would seem that ordinarily the offer would be considered as having lapsed. If an article is exposed for sale to-day at a certain price, and the buyer does not accept it, a larger sum may be asked to-morrow when he returns prepared to buy. An offer to sell goods sent by mail must be considered, in law, as made during every instant the letter is upon its journey, and a contract as completed by the posting of an unconditional acceptance, properly addressed, if done in time : Hamilton v. Lycoming Insurance Co., 5 Pa. 339 ; Adams v. Lindsell, 1 Barn. & Ald. 481. When the letter containing the offer requires an answer by return mail, the acceptance must be sent by the next post. " Where an individual makes an offer by post, stipulating for, or, by the nature of the business, having the right to expect, an answer by return of post, the offer can only endure for a limited time, and the making of it is accompanied by an implied stipulation that the answer shall be sent by return of post. If that implied stipulation is not satisfied, the person making the offer is released from it. When a person seeks to acquire a right, he is bound to act with a degree of strictness such as may not be required where he is only endeavoring to excuse himself from a liability:" Dunlop v. Higgins, 1 House of Lords' Cases, 381; Maclay v. Harvey, 90 Illinois, 525. When an offer sent by mail does not specify a time within which it must be accepted the acceptance must be within a reasonable time, or the offer will lapse. When the parties are dealing with regard to a mercantile commodity, the price of which in the market changes from day to day, and the party who receives the offer does not post his acceptance during the same business day, he cannot take advantage of a rise in the market price and accept upon some future business day. What in any case is a reasonable

time must be dependent upon the situation of the parties, and the subject-matter of the negotiations: Batterman v. Morford, 76 New York, 622; Eagle Mill Co. v. Caven, 76 Missouri App. 458; James v. Marion Fruit Jar, etc., Co., 69 Missouri App. 207. What is a reasonable time for acceptance is a question of law for the court in such commercial transactions as happen in the same way, day after day, and present the question upon the same data in continually recurring instances; and where the time taken is so clearly reasonable or unreasonable that there can be no question of doubt as to the proper answer to the question: Loring v. Boston, 48 Mass. 409; Nunez v. Daütel, 86 U. S. 560. Where the answer to the question is one dependent on many different circumstances, which do not continually recur in other cases of like character, and with respect to which no certain rule of law could be laid down, the question is one of fact for the jury: Haskins v. Hamilton Mutual Insurance Co., 71 Mass. 432; Hamilton v. Phœnix Insurance Co., 61 Fed. Repr. 379.

The offer of the defendants was mailed at Norfolk on April 17th; the acceptance of the plaintiffs was not posted at Philadelphia until April 20th. There was no evidence as to the time when the offer of the defendants was received by the plaintiffs, nor as to the frequency and time occupied in the transmission of mails between Norfolk and Philadelphia. These are matters of which the court will not take judicial notice, in the absence of evidence: Wiggins v. Burkham, 77 U. S. 129. The case was not so presented as to warrant the court in determining, as matter of law, that the offer of the defendants had lapsed because of the delay of the plaintiffs in accepting. The judgment is reversed and a venire facias de novo awarded.