Textron, Inc. *v.* Froelich, Appellant.

Submitted November 16, 1972. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, SPAULDING, CERCONE, and PACKEL, JJ.

*George F. Taylor,* and *Tucker, Arensberg & Ferguson,* for appellant.

*John K. Tabor, Donald E. Seymour,* and *Kirkpatrick, Lockhart, Johnson & Hutchison,* for appellee.

OPINION BY HOFFMAN, J., March 27, 1973:

The appellant contends that the trial court erred in granting a compulsory nonsuit as to his contractual counterclaim. The existence of a contract in this case depends on (1) whether the oral offer here necessarily terminated at the end of a telephone conversation, or, (2) if it did, whether there was a counteroffer made and accepted.

The facts as set forth in the appellant's case are as follows: The appellee, a fabricator of steel and wire products, orally offered the appellant, a steel broker, a specified quantity of two different sizes of steel rods at specified prices. The appellant responded that he thought he wanted the rods but he wanted to check

with his customers. Some five weeks later the appellant called the appellee and agreed to buy one size of rods and then two days later agreed to purchase the other size at the prices originally discussed. The appellee replied "Fine, Thank you" to both phone calls.

The trial judge based his decision on the rule set forth in *Boyd v. Merchants and Farmers Peanut Co.,* 25 Pa. Superior Ct. 199 (1904) that an oral offer ordinarily terminates with the end of the conversation. The dictum in *Boyd,* however, does not preclude the possibility that in some cases an oral offer does continue past the conversation. The general rule is that:

"(1) The power to create a contract by acceptance of an offer terminates at the time specified in the offer, or, if no time is specified, at the end of a reasonable time.

"(2) What is a reasonable time is a question of fact, depending on *the nature of the contract proposed, the usages of business and other circumstances of the case which the offeree at the time of his acceptance either knows or has reason to know."* Restatement of Contracts, §40. (Emphasis added). Pennsylvania has adopted the similar general terminology of the Uniform Commercial Code, Act of October 2, 1959, P. L. 1023, §2, 12A P.S. §2-206(1)(a). See infra.

There may be times when a judge could find as a matter of law that an oral offer made in the course of a conversation terminates with the end of the conversation. If there is any doubt as to what is a reasonable interpretation, the decision should be left to the jury. In this case, the appellant had informed the appellee that he wanted time to contact some customers before accepting the offer, which was only natural for a steel broker. Under the circumstances, it is possible that a jury could have found that the oral offer continued beyond the end of the conversation.

We need not, however, decide this appeal on that issue. Even if the original offer by appellee had lapsed, a jury could find that the required elements of offer and acceptance were present in appellant's two subsequent telephone conversations with appellee and that a contract therefore existed. If appellee's original offer lapsed, appellant's telephone calls agreeing to purchase the specific size and quantity of rods they had previously discussed, at a price also previously agreed upon, constituted new offers. Appellee's response, including the statement, "Fine, Thank you", indicated an acceptance of these offers. As the U.C.C. indicates: "Unless otherwise unambiguously indicated by the language or circumstances (a) an offer to make a contract shall be construed as inviting acceptance in any manner and by any medium reasonable in the circumstances; . . . ." Act of October 2, 1959, P. L. 1023, §2, 12A P.S. §2-206 (1) (a). Here, appellee accepted in the same manner and medium and during the same conversation in which appellant's offers were made.

Viewing appellant's case in the light most favorable to him, there was sufficient evidence supporting his contractural counterclaim to go to the jury.

The order of the court below is reversed and the case remanded for a new trial.