Robinson et al. *v.* Reliance Insurance Co.,
Appellant.

Submitted December 16, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Marjorie A. Weiss*, for appellant.

*George J. O'Neill*, for appellees.

OPINION BY JACOBS, J., June 28, 1976:

Plaintiff-appellee, Margaret M. Robinson, suffered injuries as a result of a fall on October 10, 1971 on the premises of a diner insured by the defendant-appellant (Reliance) under a policy of Public Liability Insurance. The plaintiffs-appellees, through their attorney, presented a claim to Reliance for bodily injury. Reliance, after investigation of the facts and negotiation with the plaintiffs-appellees' attorney, offered on April 6, 1972 a settlement by tender of a negotiable draft in the sum of $500.00. The negotiable draft was returned six days later to Reliance by letter of plaintiffs-appellees' attorney dated April 12, 1972, rejecting the offer of $500.00, and making a demand of $2,000.00 to conclude the case. On July 13, 1972, Reliance again made an offer of settlement, this time a verbal offer in the amount of $600.00. This offer was immediately rejected by the plaintiffs-appellees' attorney. Reliance then re-offered to plaintiffs-appellees' counsel the $600.00 settlement figure by letter dated August 29, 1972. On October 17, 1973, fourteen months after the offer of August 29, 1972 and seven days after the statute of limitations expired on the personal injury claim, plaintiffs-appellees' attorney wrote to

Reliance to accept the offer of settlement of August 29, 1972. Reliance rejected the acceptance.

The plaintiffs-appellees instituted an action in Assumpsit to recover on the alleged contract of settlement for a personal injury claim. Reliance in its answer to the complaint averred that the offer of August 29, 1972 was revoked by the passage of time, and by the fact that the statute of limitations had expired on the personal injury claim. Reliance moved for summary judgment on the ground that as a matter of law there was no valid contract of settlement because the plaintiffs had failed to accept the offer of August 29, 1972 within a reasonable time.

The plaintiffs-appellees filed an answer to the motion for summary judgment,[1] and a counter-motion for summary judgment on the same issue. The lower court denied Reliance's motion for summary judgment and granted plaintiffs-appellees' counter-motion for summary judgment.

Pa.R.C.P. 1035(b) provides in pertinent part that a summary judgment "... *shall be rendered if* the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that *there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.*" (Emphasis added.)

---

1. Plaintiffs-appellees' answer to Reliance's motion for summary judgment propounds an issue of fact. Reliance in its motion for summary judgment averred that no communication took place between Reliance and the plaintiffs-appellees' attorney during the fourteen month period between offer and acceptance. Plaintiffs-appellees answer to defendant's motion for summary judgment, in the form of an affidavit by plaintiffs-appellees' attorney denied this and averred to the contrary that counsel for the plaintiffs did attempt to communicate with the defendant but was unsuccessful in reaching the correct employee of the defendant in the period in question. *See Ritmanich v. Jonnel Enterprises, Inc.,* 219 Pa. Superior Ct. 198, 280 A.2d 570 (1971) (accept as true all well-pleaded facts in the non-moving parties' pleading when passing upon a motion for summary judgment).

Instantly, however, we need not decide whether there are issues of material fact or whether either party is entitled to a judgment as a matter of law. The lower court, after noting the "interesting legal issues"[2] involved in this case, unequivocally declined to consider the issues. The lower court stated: "We do not choose to discuss any of these weighty issues nor to base our decision upon them. Rather, we state that in these times of backlog and overburdening of the judicial system with all types of claims, it comes with little grace on the part of any litigant to attempt to renege on a settlement of $600.00, regardless of any feeling it may have as to the validity of its position."

The lower court did not enter summary judgment for the plaintiffs-appellees upon a showing that there are "no genuine issue[s] as to any material fact[s] and that the moving party is entitled to a judgment as a matter of law", Pa.R.C.P. 1035(b), but entered summary judgment for the plaintiffs-appellees as a matter of expediency. This it could not do.

Accordingly, this case is remanded for proceedings consistent with this opinion and Pa.R.C.P. 1035.

---

2. Was the offer of settlement accepted within a reasonable period of time? *Textron, Inc. v. Froelich*, 223 Pa. Superior Ct. 506, 302 A.2d 426 (1973). What is the effect, if any, on the offer of settlement of the expiration of the statute of limitations on the personal injury claim?