556 A.2d 436

Anne Marie VASKIE, Appellee,

v.

WEST AMERICAN INSURANCE COMPANY, Appellant.

Anne Marie VASKIE, Appellant,

v.

WEST AMERICAN INSURANCE COMPANY, Appellee.

Superior Court of Pennsylvania.

Argued Dec. 6, 1988.

Filed March 29, 1989.

78

Edward A. Monsky, Scranton, for West American Ins. Co.

Gerald J. Butler, Scranton, for Anne Marie Vaskie.

Before CIRILLO, President Judge, and BECK and KELLY, JJ.

BECK, Judge:

This is an appeal from a grant of summary judgment in favor of plaintiff-appellee Anne Marie Vaskie in her breach of contract action against defendant-appellant West American Insurance Company.

On January 1, 1985, Ms. Vaskie was involved in an automobile accident with a vehicle owned and operated by persons who were insured by West American. Ms. Vaskie retained Harold Murnane, Esquire, to represent her in connection with obtaining recovery for the personal injuries she sustained as a result of this accident. At some point prior to December 1986 Mr. Murnane and West American

began negotiations aimed at settling Ms. Vaskie's claim. The parties' correspondence reveals that as of November 1986, West American had offered $25,000. Apparently after continuing negotiations by telephone, on December 1, 1986 West American addressed a letter to Mr. Murnane which concluded by stating that West American had carefully reviewed Ms. Vaskie's claim and that West American's "offer will remain $25,000." This letter did not specify a date on which the offer would terminate. On January 9, 1987, Mr. Murnane sent a mailgram to West American in which he, on behalf of Ms. Vaskie, unconditionally accepted West American's $25,000 offer.

West American refused to pay, arguing that there was no contract between the parties because the statute of limitations on Ms. Vaskie's personal injury claim had run on January 1, 1987, eight days before she accepted West American's offer.

Ms. Vaskie then instituted this suit for breach of the alleged settlement agreement. Both parties filed motions for summary judgment. The trial court granted Ms. Vaskie's motion, awarding her $25,000, and denied West American's motion.

West American appealed, arguing alternatively that either judgment should have been entered in its favor or that at a minimum factual disputes requiring resolution by a jury should have prevented the entry of summary judgment for Ms. Vaskie. Ms. Vaskie cross-appealed solely on the ground that the trial court erred in failing to award her pre-judgment interest and costs.

On review of a grant of summary judgment, we must remain mindful that summary judgment is appropriate only where, viewing all the facts in the light most favorable to the non-moving party and resolving all doubts as to the existence of issues of material fact against the moving party, the moving party is nevertheless entitled to judgment as a matter of law. *Mariscotti v. Tinari*, 335 Pa.Super. 599, 485 A.2d 56 (1984).

The central question to be decided is whether the parties entered into an enforceable contract for the payment of

$25,000 to Ms. Vaskie in exchange for her relinquishment of her claim for damages for personal injuries. On their face, the facts reveal just such an agreement. West American made a written unconditional offer to pay $25,000 to settle Ms. Vaskie's claim and Ms. Vaskie responded with a written unconditional acceptance, thereby indicating her willingness to accept $25,000 in exchange for her surrender of her claim and forbearance from suing thereon.

However, West American offers several possible impediments to enforcing this apparent agreement.[1] First, West American argues that no agreement was formed by Ms. Vaskie's acceptance because the offer had lapsed as a matter of law when the statute of limitations on personal injury claims, i.e. two years, had expired. As a variation on this theme, West American argues that there is at least a factual issue as to whether the offer had lapsed by the time of Ms. Vaskie's acceptance. Since the offer itself did not specify an expiration date, West American argues that the offer is legally deemed to expire within a reasonable time and what is a reasonable time is a factual question. Finally, West American argues that even if there was a valid offer and acceptance, there is a factual question as to

---

1. In addition to the two major arguments dealt with in text, West American also argues that the trial court erred in refusing to hold that Ms. Vaskie's action was barred by the two year statute of limitations applicable to personal injury claims, 42 Pa.Cons.Stat.Ann. § 5524(2) (1982), in granting Ms. Vaskie's motion for summary judgment solely in reliance on the affidavit of Ms. Vaskie's prior counsel which was attached thereto, and in failing to find that the alleged agreement was not supported by consideration because forfeiture of a claim barred by the statute of limitations is not consideration for a compromise agreement.

We reject these arguments without extensive discussion. As to the first, Ms. Vaskie's present action is a contract action and is not governed by the two year statute of limitations found in 42 Pa.Cons. Stat.Ann. § 5524(2). As to the second and third arguments, we find that they have been waived. The argument concerning the trial court's reliance on Mr. Murnane's affidavit was never presented in the court below, despite ample opportunity for West American to do so. Pa.R.A.P. 302. The argument concerning lack of consideration based on the fact that Ms. Vaskie's claim was allegedly barred by the statute of limitations when she accepted West American's offer is not presented in West American's Statement of Questions Involved in its brief to this court. Pa.R.A.P. 2116(a).

whether Ms. Vaskie actually forbore suit in response to West American's outstanding offer and, therefore, whether any resulting agreement was supported by consideration. West American contends that Ms. Vaskie had actually rejected West American's offer by counter-demanding $35,000 and forbore suit while attempting to achieve a settlement for this higher amount.

There is no doubt on this record that West American made an offer of $25,000 to settle Ms. Vaskie's claim in a letter dated December 1, 1986. There is also no doubt that this offer did not contain any express expiration date. Moreover, there were no further oral or written communications between the parties in which any expiration date was set, nor was the offer ever withdrawn. Under such circumstances, i.e. where an offer does not specify an expiration date or otherwise limit the allowable time for acceptance, it is both hornbook law and well established in Pennsylvania that the offer is deemed to be outstanding for a reasonable period of time. *Textron, Inc. v. Froelich*, 223 Pa.Super. 506, 302 A.2d 426 (1973); *Boyd v. Merchants and Farmers Peanut Co.*, 25 Pa.Super. 199 (1904); Murray, *Murray on Contracts* 60–1 (2d ed. 1974); Restatement (Second) Contracts § 41 (1981). What is a reasonable time is ordinarily a question of fact to be decided by the jury and is dependent upon the numerous circumstances surrounding the transaction. *Textron, supra; Boyd, supra; Murray on Contracts*, at 61; Restatement, § 41 comment b. Such circumstances as the nature of the contract, the relationship or situation of the parties and their course of dealing, and usages of the particular business are all relevant. *Id.*

However, there are situations where the question of what is a reasonable time for acceptance may be decided by the court as a matter of law. As stated in *Boyd, supra:*

What is a reasonable time for acceptance is a question of law for the court in such commercial transactions as happen in the same way, day after day, and present the question upon the same data in continually recurring instances; and where the time taken is so clearly reasonable or unreasonable that there can be no question of

doubt as to the proper answer to the question. Where the answer to the question is one dependent on many different circumstances, which do not continually recur in other cases of like character, and with respect to which no certain rule of law could be laid down, the question is one of fact for the jury.

*Boyd*, 25 Pa.Super. at 205.

The trial court in the instant matter decided that this was a case where the issue of reasonableness could be decided as a matter of law and found that Ms. Vaskie's acceptance on January 9, 1988 was tendered within a reasonable time.

■■■ We reject West American's contention that its offer of December 1, 1986 lapsed as a matter of law two years after Ms. Vaskie suffered her injuries. However, we do agree with West American insofar as it argues that the trial court erred in deciding as a matter of law that Ms. Vaskie's acceptance was tendered within a reasonable time. We find that under the circumstances of this case, the question of reasonableness is a disputed material issue of fact that should not have been resolved as a matter of law on summary judgment.

There is no merit in the argument that offers of settlement of personal injury claims automatically terminate two years after the injuries were sustained. West American has offered no precedent that so holds, we have located none and the reasons for the dirth of authority supporting such an argument are clear. First, the argument is based on the incorrect assumption that in every personal injury case the statute of limitations will run precisely two years from the date of the accident. In fact, the statute may be tolled due to the inability of the plaintiff to discover his or her injuries or their cause, *Pocono International Raceway, Inc. v. Pocono Produce, Inc.*, 503 Pa. 80, 86, 468 A.2d 468, 471 (1983), or due to fraud or concealment of material information by the defendant. *Molineux v. Reed*, 516 Pa. 398, 532 A.2d 792, 794 (1987). Thus, in each particular case the date on which the statute would be deemed to have run may vary. Given this variation, we cannot fashion a rule that creates an implied-in-law termination date, fixed on the

expiration of the statute of limitations, in all settlement offers. To do so would leave the plaintiff-offeree in the untenable position of having to predict and, for purposes of settlement negotiations, accept the defendant-offeror's view of when the statute should be deemed to have run.

Moreover, to hold that every such offer contains an implied-in-law termination date would be to dictate a term of such offers which the parties themselves can and should decide upon. If an offering defendant wishes to limit the duration of his offer to a certain time, whether a date two years from the accident or otherwise, he need only so state in the offer itself. He is the master of his offer. There is no need for us to provide such a term where, as here, the defendant has not done so.

This is not to say, however, that the passing of the statute of limitations is irrelevant to a determination of whether an offer of settlement of a personal injury claim has been accepted within a reasonable time. The reasonableness of the time an offeree takes to accept an offer is measured from the perspective of the offeree. As the explanatory comment to the pertinent section of the Restatement (Second) of Contracts states:

In general, the question is what time would be thought satisfactory to the offeror by a reasonable man in the position of the offeree....

Restatement (Second) of Contracts, § 41 comment b (1981).

The fact that the statute of limitations may already have run by the time Ms. Vaskie accepted is unquestionably relevant to a determination of the reasonableness of her conduct in waiting until January 9, 1987 to accept. Further, this is only one of many circumstances surrounding the parties' negotiations and the status of Ms. Vaskie's claim that may be relevant to a determination of reasonableness. This is certainly not a case such as that described above in *Boyd* where the reasonableness question can be decided as a matter of law. It is not a commercial transaction continually occurring in like manner day after day. The course and nature of settlement negotiations varies greatly from case to case. This is very unlike the situation of a mer-

chant who offers goods for sale on a daily basis at a price that changes daily, where it is clear beyond cavil that an offer made at one day's price is not intended to continue to the next day. In settlement negotiations the reasonable duration of an offer is not fixed at a particular time because of clear and uniform courses of dealing and usages of the trade that invariably arise from the very nature of the transaction.

Thus, we conclude that the trial court erred in holding that Ms. Vaskie's January 9th acceptance was tendered within a time that was reasonable as a matter of law. Therefore, the entry of summary judgment in Ms. Vaskie's favor was in error on this ground.

■ West American also contends that a factual dispute arises as to whether Ms. Vaskie actually forbore filing suit as a result of West American's offer. The dispute allegedly arises from two affidavits filed in connection with the parties' summary judgment motions. West American first filed for summary judgment via a motion and supporting brief. No affidavits were attached to this motion. Ms. Vaskie responded by filing her own motion for summary judgment, with an affidavit of her prior counsel, Mr. Murnane. This affidavit was later supplemented with a one-paragraph addendum in which Mr. Murnane stated that

As a result of the receipt of the letter of December 1, 1986, the Plaintiff, Ann Marie Vaskie, by and through Harold B. Murnane, III, forbore pursuit of filing a personal injury suit on or before January 1, 1987, since the Plaintiff had elected to accept the offer of the Defendant, West American.

This supplement was filed on May 3, 1988. The record contains no response by West American. On June 7, 1988, the court granted Ms. Vaskie's motion. On July 1, 1988, West American filed a motion for reconsideration to which was attached an affidavit of the West American claims agent who had handled the negotiations regarding Ms. Vaskie's claim. In this affidavit, the agent states that Ms. Vaskie did not forbear filing suit as a result of West American's outstanding $25,000 offer because Ms. Vaskie's

counsel had demanded $35,000 during a phone conversation with the agent on the same day that the written $25,000 offer was mailed, i.e. December 1, 1986. Thus, West American argues, Ms. Vaskie did not forbear suit because of her reliance on West American's offer but rather forbore because she was attempting to obtain $35,000, and in fact had rejected the $25,000 offer.

This alleged factual dispute was raised by West American at too late a point to warrant our consideration. If West American wished to raise the argument that there was no consideration supporting the alleged agreement because Ms. Vaskie did not forbear in reliance on West American's offer, but rather had rejected that offer because she wished to hold out for more money, it could and should have done so in response to Ms. Vaskie's motion and the supplemental affidavit. *See* Pa.R.C.P. 1035(d). We also note that there is no mention in any of West American's pleadings of such an alleged rejection, nor does this argument appear in West American's own Motion for Summary Judgment.

The judgment is reversed. Jurisdiction is relinquished.[2]

2. This resolution obviates the need for us to consider Ms. Vaskie's cross-appeal in which she requests remand for the addition of pre-judgment interest and costs to the $25,000 judgment the trial court entered in her favor. Resolution of this question must abide the determination on remand of whether judgment should again be entered for Ms. Vaskie after all material factual issues are resolved.