## Birdy v. Maharam

C.P. of Allegheny County, no. GD 05-15476.

*Robert A. Goldman,* for plaintiffs.
*Robert A. Loch,* for defendants.

FRIEDMAN, *J.,* August 31, 2006—Plaintiffs have filed a motion to enforce settlement agreement related to an automobile accident involving plaintiff Lori Birdy and defendant Cherie D. Maharam. Defendants' insurer, through a claims adjuster, Andrew Beneigh, offered plaintiffs first the sum of $11,000 and later the sum of $14,000. Plaintiff Dean Birdy, an attorney, did most of the negotiating with Mr. Beneigh. He then consulted plaintiffs'

current counsel, Mr. Goldman, who called Mr. Beneigh regarding the offer.

Mr. Goldman indicated to Mr. Beneigh that he had to relay the "best and final offer" to plaintiffs and Mrs. Birdy in particular.[1] Mr. Goldman spoke to plaintiffs that evening and Mrs. Birdy decided to accept the offer. Mr. Birdy called Mr. Beneigh the following day and accepted defendants' offer on behalf of plaintiffs. At that point Mr. Beneigh asked if plaintiffs had filed a writ and, upon being told they had not, stated that the offer was withdrawn.

It is undisputed that Mr. Beneigh told Mr. Goldman on July 5, 2005 that the $14,000 offer was still on the table. It is undisputed that there was no deadline for acceptance mentioned by Mr. Beneigh. (See Beneigh deposition pp. 23, 1. 22-24, 1. 15.) It is undisputed that Mr. Birdy accepted the outstanding offer *before* Mr. Beneigh attempted to withdraw it. (See Beneigh deposition p. 29, ll. 10-15.)

This case does *not* involve the timeliness of the filing of the writ of summons. Rather, it involves the *reasonableness* of the time between when the offer was made and when it was accepted. This is a matter of contract law and has nothing to do with whether or not a writ was timely filed.

Mr. Beneigh was aware that he would not be given an answer regarding his offer on the same day the offer was

---

1. No written offer had yet been sent out by defendants' insurer, although such a letter was prepared on July 6, 2006, but then not sent when the insurer realized the plaintiffs appeared not to have filed a timely writ of summons.

made, July 5, 2005. If he intended his offer to expire on that same day, it was his obligation to so state. It is axiomatic that the offerer is the master of his offer. Mr. Beneigh spoke to Mr. Goldman for the first time on July 5, 2005. He confirmed that the $14,000 offer was still alive and was not going to be raised. He said nothing when Mr. Goldman indicated he would relay the finality of the $14,000 amount to the plaintiffs. He did not say the offer that he *relayed to Mr. Goldman* had to be accepted by the close of business on July 5, 2005. The earlier negotiations with Mr. Birdy, although defendants feel they are significant, are not relevant to the offer relayed to their counsel.

Given the undisputed facts, a jury would not be permitted to find that plaintiffs were unreasonable in accepting the "best and final" or "final final" offer of defendants within 24 hours after it was relayed to their attorney.

Plaintiffs' motion to enforce settlement agreement must be granted. See *Vaskie v. West American Insurance Company,* 383 Pa. Super. 76, 556 A.2d 436 (1989).

See order filed herewith.

### ORDER

And now, to-wit, August 31, 2006, plaintiffs' motion to enforce settlement agreement is hereby granted for the reasons set forth in the accompanying memorandum in support of order.